2006, 2007.  CONNOR *et al. v.* HODGES *et al., and vice versa.*

RUSSELL, J.  1. The motion to dismiss the writ of error is not well taken. An acknowledgment of service of a bill of exceptions by counsel, signing as "attorney for defendants in error," will be presumed to include all of the defendants in error named in the bill of exceptions.  Where there are several defendants in error, and counsel, in signing the acknowledgment of service of the bill of exceptions, does not specify by name those whom he represents, and it is not made to appear that he was not authorized to represent a particular party to the cause, his authority to acknowledge service for all of the defendants in error is to be inferred from the fact that he so signed.

2. Appearance and pleading to the merits may amount to a waiver of service.  Demurring generally to the plaintiff's petition is pleading to the merits; and therefore, by general demurrer, defects in service may likewise be waived, unless the demurrer is filed with the distinct protestation that no jurisdiction has been acquired by the court.  It is only when the court has no jurisdiction of the subject-matter that appearance and pleading will not amount to a waiver.  If the court would have jurisdiction but for a defect in the service, or failure to serve, appearance and pleading will amount to a waiver, unless the appearance be made with the distinct protestation that the court is without jurisdiction.  Proper service of process can effectuate nothing more than the defendant does by appearing in court and pleading to the merits.  *Carter* v. *Smith,* 5 *Ga. App.* 804 (63 S. E. 932).

3. The amendment of the original petition by striking the word "indorsers" and inserting in lieu thereof the word "sureties," was properly allowed; and upon the allowance of this amendment the general demurrer to the petition was properly overruled.  One who writes his name upon the back of a promissory note not because he is a party to the paper, whose indorsement is for that reason necessary, but merely as a guaranty of the payment, and whose signature is not essential to the transfer of the title, is a surety only, and not liable on the note as an indorser.  *Ridley* v. *Hightower,* 112 *Ga.* 476 (37 S. E. 733).

(*a*)  A surety is not entitled to notice of demand and refusal to pay, or notice of protest for nonpayment.

4. The court erred in excluding from the evidence the promissory note which was the basis of the plaintiff's action.

(*a*)  Authority to indorse a promissory note in behalf of another may be orally conveyed.  The authority of an agent to indorse a note for his principal is not required to be in writing.

5. It is too late, after thirty days have expired from the date of the refusal of the court to strike a defendant's plea, to except thereto, unless the exception be duly preserved pendente lite.  *Pergason* v. *Etcherson,* 91 *Ga.* 786 (18 S. E. 29).

6. The plea of non est 'factum may be filed after the first term, as an amendment to an answer duly filed.

7. A witness may, after having detailed circumstances from which agency may be inferred, state that he had the authority to do an act coming

within the scope of his agency. The statement of one that he had authority as agent to do an act in behalf of his principal, in such a case, is not merely opinion testimony representing the conclusion of the witness, but is substantive matter of fact.

8. One's purpose in doing a specified act is immaterial and irrelevant, if the legal consequences of such act are definitely fixed by law. Where the only effect of testimony sought to be adduced is to elicit the opinion of the witness upon a question of law, and not one of fact, such testimony should be repelled.

9. The testimony offered by the plaintiffs being legally competent to establish a prima facie case of legal liability as against the defendants, it was error to award a nonsuit.

*Judgment on main bill of exceptions reversed; on cross-bill of exceptions affirmed.*

Complaint; from city court of Springfield—Judge Smith. May 17, 1910.

Argued October 26,—Decided December 10, 1910.

*R. W. Sheppard, C. T. Guyton,* for plaintiffs.

*D. H. Clark, H. B. Strange, Hines & Jordan,* for defendants.