### 9670. COOK, executrix, v. BROWN et al.

PER CURIAM. 1. In an action for damages on account of the burning of a house on the plaintiff's land in consequence of the burning of trash on a farm by Gus King, one of the defendants, the petition as amended alleged: that "the relation of master and servant existed between [the defendants] Ida Brown and Gus King, in that the former had employed the latter as a cropper to work the farm on which fire started, . . the former to furnish the land and stock, and the latter was to furnish himself and his family *to work the crop on said place* [italics ours]; said work was to be done under the direction and control of the former; such contract and relation existed at the time said fire occurred." The petition further alleged that the fire which destroyed the house "was put out by defendant Gus King and his children, and the putting out of same was under authority of Gus King;" and that "after said tortious act complained of, it was ratified by defendant Ida Brown, in not repudiating said acts and discharging defendant Gus King and his children, and further in admitting liability for same and offering to pay damages." *Held:* (a) Notwithstanding the allegations that in preparing the land for cultivation it became necessary to burn off certain rubbish and trash, and that said King in carrying out his farming operations "put out" fire at different points on the lands of his employer, and that these acts were within the scope of the business which King was employed to do, no cause of action was set forth against the landlord, since it did not appear that the fire was set out under her express direction, and the allegation that the acts of the cropper were within the scope of his employment is expressly negatived by the stipulations of the contract itself, which provided that the cropper was to "furnish himself and his family to work the crop on said place," and this work was "to be done under the direction and control" of the landlord. By the terms of the contract the acts complained of were excluded from the scope of the cropper's or servant's authority and duties. (b) The allegations that the defendant Ida Brown failed to discharge Gus King, and admitted liability for the injury caused by him, and offered to pay damages, did not show ratification of the unauthorized acts of the cropper. Generally, an admission of liability where none in fact exists, and an offer to adjust a demand not legally enforceable, could not of itself create legal liability.

2. The question as to negligence was peculiarly a question for the jury (*International Cotton Mills* v. *Webb*, 22 *Ga. App.* 309 (4), 96 S. E. 16); and there being sufficient evidence to authorize the jury to find for the plaintiff, though it may not require such a verdict, the court erred in granting a nonsuit as to the defendant cropper. *Moore* v. *Dixie Fire Insurance Co.*, 19 *Ga. App.* 804 (92 S. E. 302).

*Judgment affirmed in part, and reversed in part. Wade, C. J., and Jenkins and Luke, JJ., concur.*

DECIDED JANUARY 16, 1919. REHEARING DENIED JANUARY 28, 1919.

Complaint; from city court of Waynesboro—Judge W. H. Davis. February 25, 1918.

*M. C. Barwick,* for plaintiff.

*E. M. Price,* for defendants.