34035. JANNEY *v.* DUGGER *et al.*

D ECIDED J UNE 20, 1952—R EHEARING DENIED J ULY 3, 1952.

*Frank G. Wilson,* for plaintiff in error.

*Carl E. Westmoreland, Ed Sell,* contra.

WORRILL, J. (After stating the foregoing facts.) 1. Special ground 1 of the motion for new trial complains that the court erred in permitting counsel for the plaintiffs to testify as to negotiations for a "compromise" of the plaintiff's claim. The testimony objected to was that the defendant's attorney agreed that the amount claimed would be paid if two minor defects in certain bathroom equipment placed in the defendant's house were remedied. This did not relate to a "compromise," but was a recognition of the plaintiffs' right to demand a settlement of the full amount of their claim with the corresponding duty upon them to remedy the aforesaid defects in the equipment. The proposal of the defendant's attorney required no concession upon the part of the plaintiffs such as would necessarily be inherent in a "compromise." As was said in *Teasley* v. *Bradley,* 110 *Ga.* 497, 507 (35 S. E. 782, 78 Am. St. R. 113): "There is a distinction between an offer or proposition to compromise a doubtful or disputed claim, and an offer to settle upon certain terms a claim that is unquestioned. An admission made in an offer of the latter character will be admissible when one made in an offer of the former character will not. . . The petition did not directly allege that the offer of settlement was made in an effort to compromise, nor can it be inferred from the allegations that such an effort was made. So far as the allegations are concerned, it amounts to nothing more than a demand for settlement and an offer to accede to plaintiff's demand upon certain terms, thereby impliedly acknowledging the right of the plaintiff to demand a settlement at the hands of the defendant."

■ Special ground 2 complains that the court erred in refusing to require a witness, counsel for the plaintiffs, to testify as to what defenses are available to a property owner after a valid lien has been recorded and foreclosed against his contractor. "Where the only effect of testimony sought to be adduced is to elicit the opinion of the witness upon a question of law, and not one of fact, such testimony should be repelled." *Conner* v. *Hodges*, 7 *Ga. App.* 153 (66 S. E. 546).

■ Special ground 3 complains that a charge of the court as to the issue in count 2 was erroneous and injurious because it restricted the jury to a finding of one specified sum, or no sum at all, whereas under the evidence the charge should have been so adjusted that they might find a sum which reflected a credit for certain imperfections in the work. Count 2 was based upon the ground that a valid lien had been filed against the property of the defendant, and that the defendant came to the plaintiffs and renewed his promise to pay if they would forego foreclosure proceedings; and that, relying on such promise, the plaintiffs did forbear until such lien foreclosure was barred by the statute. The charge was not error. There was evidence for the plaintiffs that they furnished labor and materials for the house of the defendant, the reasonable value of which was $744.45, that $200 had been paid, and a balance of $544.45 remained. A mechanic's and materialman's lien was recorded against the property. Thereafter the defendant promised that, if the plaintiffs would not foreclose the recorded lien, he would pay it off. The plaintiffs relied on such promise and did not foreclose, but the defendant has not paid.

If the jury found that the alleged agreement was made on the consideration of the plaintiffs' forbearance to foreclose the lien, they would be entitled to collect the full amount of $544.45, which it is contended the defendant promised to pay. If the jury found that such a promise had not been made by the defendant on the alleged consideration, the plaintiffs would not be entitled to recover anything on count 2. No merit is shown in this ground.

■ Special ground 4, complaining of a charge of the court, on the ground that it was erroneous and not sound as an abstract principle of law, will not be considered, since it fails to point out wherein the charge was subject to the objection urged.

■ The evidence was sufficient to authorize the verdict of the jury on count 2.

There being a dissent, the case was considered by the whole court.

*Judgment affirmed. Sutton, C.J., Gardner, P.J., Townsend and Carlisle, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. The statement of facts by the majority opinion does not give a correct picture of the exact nature of count 2 of the petition. It is necessary to ascertain the nature of the contract sued on to determine whether the plaintiffs proved the case as laid. Count 2 alleges: that the defendant is indebted to the plaintiffs in the sum of $544.45 with interest from March 7, 1947; that on or about February 7, 1947, the defendant paid $200 upon a debt due by him to the plaintiffs and agreed thereupon to pay the plaintiffs the balance thereon; that about March 7, 1947, the defendant renewed his promise to pay the sum sued for if the plaintiffs would forego lien foreclosure proceedings. It appears from the above allegations that count 2 is an alleged cause of action based on a contract or account upon which the defendant was alleged to have been originally bound, and that the defendant promised to pay the exact balance claimed by the plaintiffs (making the claim an account certain as to amount) upon the plaintiffs' promise not to foreclose a lien. The evidence did not authorize a finding on count 2, for the reason that the original contract for the goods purchased was between the plaintiffs and an independent contractor, for breach of which the defendant was not primarily liable or subject to an action in personam. It is clear that the recovery on count 2 is based on a contract entirely different from the one sued on. The contract recovered on was one by the defendant whereby he agreed to pay the debt of an independent contractor, which is an entirely different contract from the one sued upon. I think that the court erred in denying the motion for a new trial on the general grounds.