### 37560. COTTON STATES MUTUAL INSURANCE COMPANY *v.* LAMB.

CARLISLE, Judge. 1. Where, under the pleadings and evidence adduced in this suit by the owner of an automobile to recover of the defendant insurance company under a policy of collision insurance for loss and damage to his automobile as the

result of a collision with another automobile, it appears that there was no dispute between the parties as to coverage or as to the occurrence of a loss thereunder or as to the liability of the defendant to pay the amount of the loss less $50, and, where the jury returned a verdict for the plaintiff in the amount of $2,199, which verdict included an amount of $99 admittedly due under the medical payments feature of the policy sued on, such verdict was authorized by the evidence on behalf of the plaintiff, offered without objection, to the effect that the attorney for the defendant had conditionally tendered him a check for $2,249, the condition for such offer being that the plaintiff procure for the defendant a settlement in a stated amount of a claim by a third party against the plaintiff arising out of the same collision. The evidence of the tender of the sum to the plaintiff conditioned upon a collateral matter was evidence of an offer of settlement as distinguished from an offer of compromise within the rule announced in cases such as *Hening & Hagedorn* v. *Glanton,* 27 *Ga. App.* 339 (2) (108 S. E. 256), *Broyles* v. *Haas,* 48 *Ga. App.* 321 (5d) (172 S. E. 742), *Williams* v. *Smith,* 71 *Ga. App.* 632, 642 (31 S. E. 2d 873), *Janney* v. *Dugger,* 86 *Ga. App.* 414, 415 (71 S. E. 2d 777), and *Swanson* v. *Hodges,* 96 *Ga. App.* 540, 542 (101 S. E. 2d 212), and as such had probative value as to the amount of the plaintiff's claim against the defendant and was sufficient to authorize the verdict rendered by the jury. This case is distinguishable from *Cook* v. *Brown,* 23 *Ga. App.* 284 (1) (98 S. E. 92) in that in that case the alleged admission was as to the substantive fact of liability which the evidence showed did not exist, whereas in this case no question exists as to the liability of the defendant to pay the plaintiff the amount of his loss less $50, and the admission relied on was at least not overcome by any other evidence adduced upon the trial of the case.

2. Where the petition alleged that on account of the bad faith of the defendant in refusing to pay the plaintiff's claim, the plaintiff was entitled, under the provisions of Code § 56-706, to "reasonable attorney's fees", and where the prayer was merely for "reasonable attorney's fees", and where no evidence was introduced on the trial of the case as to what constituted reasonable attorney's fees, the verdict in the amount of $250 for attorney's fees was not authorized. This,

316

however, will not require a reversal of the case, but direction will be given to write off the attorney's fees.

*Judgment affirmed with direction. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 20, 1959.

*Abbot & Abbot, James C. Abbot,* for plaintiff in error.
*Marshall L. Fountain,* contra.