### 54085. BRACKETT v. THE STATE.

Submitted June 7, 1977 — Decided June 15, 1977.

Karl L. Brackett, *pro se.*
*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.

Deen, Presiding Judge.

1. The appellant was positively identified by the victim as the one who snatched her purse; he was positively identified by an eyewitness who chased the snatcher. The appellant was apprehended a short time and distance from the scene of the crime. The appellant took the stand in his own defense and denied perpetration of the crime. The question of the appellant's guilt under these facts was for the jury and the evidence supports the verdict. *Smith v. State,* 128 Ga. App. 823 (198 SE2d 323).

2. The appellant enumerates as error the introduction into evidence, after a Jackson-Denno hearing, of his self-incriminating statements. "To admit a confession in evidence, the trial court must determine from the preponderance of the evidence that the confession was freely and voluntarily given, after being advised in accordance with Miranda v. Arizona . . ." *Goodwin v. State,* 236 Ga. 339, 342 (223 SE2d 703). The officer who gave the appellant his Miranda warnings was not present to testify; the state produced another officer who testified he was present when the full and complete Miranda warnings were given to the appellant by the

other policeman. Also produced was an officer who testified that he began to give the Miranda warnings when the appellant indicated he had already been so advised of his rights; it was then that the incriminating statements were made.

The appellant urges that testimony of one officer that he was present when another officer gave the Miranda warnings is hearsay and thus violates his right to cross examine witnesses brought against him, that consequently there was no probative evidence before the trial judge as to the Miranda warnings having been given to him and that therefore the incriminating statements could not be found to have been freely and voluntarily given. The officer's testimony that he was present when another policeman gave the warnings to the appellant was not hearsay. *Johnson v. State,* 133 Ga. App. 394 (1) (211 SE2d 20). The trial judge did not err in determining that the Miranda warnings were given, that the incriminating statements were freely and voluntarily made nor in allowing the police officer to give it in evidence. *Barnes v. State,* 135 Ga. App. 190 (3), 191 (217 SE2d 443).

*Judgment affirmed. Webb and Marshall, JJ., concur.*