## 76295. WALKER v. THE STATE.
### (371 SE2d 199)

McMURRAY, Presiding Judge.

Defendant Sherry Lynn Walker was indicted for the offense of criminal solicitation (soliciting the murder of Linda Graham). The evidence adduced at trial, construed most favorably to support the jury's verdict, was as follows: Sometime in late 1985 or early 1986, Lucille Henry received a telephone call from an unidentified female who called to speak with her son, Joe Glen Henry. Ms. Henry advised her son of the telephone call.

During the early evening of December 3, 1985, Carol Sue Henry, Joe Glen Henry's wife, received a telephone call at her and her husband's home in Mineral Bluff, Georgia, from an unidentified female who spoke with an accent similar to a "Spanish accent" and who asked to speak with Mr. Henry about a job. Ms. Henry inquired about the nature of the job and the unidentified female told Ms. Henry that she would talk to Mr. Henry about it.

Later that evening, "[a]round 9:00," Mr. Henry answered his home telephone and a female who spoke with an accent which "sounded like it was . . . a Spanish accent" and who identified herself as " 'Monica' " asked Mr. Henry if he was alone, told Mr. Henry that she had a job for him and that "she would call [him] back the next morning at 10:00 and tell [him about the job]."

The next morning at "10:00 o'clock," a female telephoned Mr. Henry, advised him that she was calling from an airport in Chicago and told him that she wanted him to "kill Ms. [Linda] Graham" in exchange for $5,500. More specifically, the female outlined an incentive payment plan whereby she would pay Mr. Henry $5,500 if he

killed Ms. Graham that day (December 4, 1985) and that $500 would be deducted for each day Mr. Henry waited to complete the job. The female then gave Mr. Henry details regarding Ms. Graham's home address, place of employment and physical description. She also described Ms. Graham's automobile and automobile license plate; told Mr. Henry that Ms. Graham would return to her home at about 8:00 that evening (December 4, 1985) and that Ms. Graham's husband, Dr. David Graham, would not be home until 12:00 or 1:00 that night. The telephone conversation was interrupted and the caller explained that she had run out of change and that she would call Mr. Henry again, which she did shortly thereafter to complete the plan. Mr. Henry testified that he "recognized [the female voice] as the same one that called the night before."

During the course of the telephone conversation the unknown female told Mr. Henry that she was acquainted with several members of his family, including two of Mr. Henry's teenage children, and she cautioned Mr. Henry not to reveal the subject of their discussions. Although Mr. Henry felt that the caller was acquainted with him, he did not recognize the female's voice and he was not familiar with her identity.

Around 11:30 that morning, Mr. Henry contacted Agent Charles King of the Georgia Bureau of Investigation ("GBI") and informed him of the conversations with " 'Monica.' " Agent King followed up on the tip and, after discovering that the information given to Mr. Henry by the caller was associated with the Grahams, Agent King turned the investigation over to Agent Michael McGinnis of the GBI.

Agent McGinnis' investigation revealed that defendant and Dr. Graham had been engaged in an extra-marital relationship and that Dr. Graham and defendant had planned to be together during the evening of December 4, 1985. (Dr. Graham testified that he had been acquainted with defendant for approximately two years, that they saw one another "as much as four times a week or five . . ." and that defendant was aware that he had no intentions of divorcing his wife.) Agent McGinnis also discovered that long distance telephone calls had been made to Mr. and Ms. Henry's home on December 3 and 4, 1985, from pay telephones located in a hotel where defendant dined on December 3, at a grocery store near defendant's home and near defendant's office. All of the calls were made at the times the unknown female contacted the Henrys. In fact, Agent McGinnis discovered that defendant had used the pay telephone near her office during the morning of December 4, 1985, around the time Mr. Henry was contacted by " 'Monica' " regarding the details of the job.

Further investigation revealed that a long distance telephone call was made from an Atlanta airport location to Mr. Henry's mother's (Lucille Henry's) home on December 2, 1985, and that the call was

billed to the credit calling card of defendant's ex-husband, John Walker. (Mr. Walker testified that he had been issued two credit calling cards, that he kept one card for his use, that he gave the other card to defendant and that he did not use his card.) This same telephone calling card was used on December 4, 1985, at the pay telephone near defendant's place of employment to make the second call received by Mr. Henry from " 'Monica.' " The other long distance calls received by the Henrys from the unknown female were coin-operated transactions.

Defendant "was raised up there in [the] area where" Mr. Henry and his family resided, she was acquainted with Mr. Henry and his family and defendant told Agent McGinnis that she felt that Mr. Henry was "a shady sort of person . . ." The jury found the defendant guilty of the offense of criminal solicitation and this appeal followed. *Held*:

1. In her first and third enumerations of error, defendant argues the trial court erred in allowing Mr. Henry's "hearsay" testimony as to his telephone conversations with " 'Monica.' "

"As a fundamental rule, the definition of hearsay does not include out-of-court statements which are not offered as proof of the facts asserted in such statement, but are offered merely as proof that such a statement was made. Assuming that the proof is limited to merely showing that the statement was made and not as evidence of the truth of the fact asserted in the statement, the statement is admissible as original evidence and does not concern the hearsay rule." Green, Ga. Law of Evidence (2d ed.), 369, § 218. In the case sub judice, Mr. Henry was not testifying as to the validity of the substance of " 'Monica's' " statements, but as to her utterances. "To this, [Mr. Henry] is clearly qualified to testify, so that no objection can arise on that score." 5 Wigmore, Evidence, 2, § 1361 (2) (Chadbourn rev. 1974). Since the challenged testimony was not hearsay, the trial court did not err in allowing same into evidence. *Brackett v. State*, 142 Ga. App. 578 (2) (236 SE2d 538). See OCGA § 24-3-1.

2. In her second and fourth enumerations of error, defendant challenges the sufficiency of the evidence, arguing that the State's case was based entirely on circumstantial evidence that failed to exclude the reasonable hypothesis of her alibi defense.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. However, "[t]he determination of whether other hypotheses have been excluded is primarily a jury function. *Anglin v. State*, 244 Ga. 1, 5 (257 SE2d 513) (1979). It is not required that the circumstantial evidence remove every possibility of the accused's innocence. *McConnell v. State*, 235 Ga. 366 (220 SE2d

5) (1975). The accused's statement must be considered 'insofar as it is consistent with the circumstantial evidence properly admitted.' *Barnett v. State*, 153 Ga. App. 430, 432 (265 SE2d 348) (1980) and cit." *Murdix v. State*, 250 Ga. 272 (1), 274, 275 (297 SE2d 265).

In the case sub judice, considering defendant's denial that she solicited Mr. Henry to murder Linda Graham from a pay telephone near her office on the morning of December 4, 1985, against the State's evidence to the contrary, we find that there was more than sufficient evidence to authorize a finding that defendant was guilty beyond a reasonable doubt of the crime charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Fatora v. State*, 185 Ga. App. 15, 16 (1) (363 SE2d 566).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 10, 1988 —
REHEARING DENIED JUNE 23, 1988 —

*Hylton B. Dupree, Jr., A. Gregory Poole,* for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Frank R. Cox, Nancy I. Jordan, Assistant District Attorneys,* for appellee.