## 77379. GRUDE v. THE STATE.
(377 SE2d 731)

CARLEY, Chief Judge.

Appellant was tried before a jury on an indictment which charged him with commission of aggravated assault by shooting the victim with a handgun. He appeals from the judgment of conviction and sentence entered on the jury's verdict of guilty.

1. Appellant enumerates as error the trial court's refusal to give a requested jury instruction on the defense of accident or misfortune.

"A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was *no* criminal scheme or undertaking, intention, or criminal negligence." (Emphasis supplied.) OCGA § 16-2-2. Although appellant gave conclusory testimony that the shooting of the victim had been an accident, his description of the actual events shows that the shooting was nevertheless the result of his criminal conduct. Appellant testified that the victim, who had been sharing his dwelling, was packing to move out. Appellant armed himself with a pistol for a confrontation with the victim because he was "insistent" on getting his keys back. Appellant stated that, as he had approached the victim from behind, he pulled the gun out of his pocket and, in doing so, he unintentionally "hit her in the back of the head" with the weapon. The gun then discharged and the victim was struck by the bullet.

Appellant's testimony clearly does not show that his shooting of the victim was the result of an "accident," and not the result of his intent to commit a crime upon the victim. His testimony shows only that his criminal attempt to commit an aggravated assault upon the victim was "accidentally" completed in a manner other than he had intended. At the time the gun discharged, appellant's own testimony shows that he was engaged in an attempt to commit an aggravated assault upon the victim by drawing the gun and pointing it at her. See OCGA § 16-5-20 (a) (2). He would not be entitled to a charge on the defense of accident simply because his criminal attempt had the unintended consequence of completing the offense by actually causing a violent injury to the victim. See OCGA § 16-5-20 (a) (1). "[A]ppellant pointed a pistol at the victim[, and t]hat constitutes the felony of aggravated assault. [Cit.]" *Smith v. State*, 253 Ga. 476, 477 (3) (322 SE2d 58) (1984). "Of necessity the pistol was pointed at the [victim] when she was [hit] by the bullet fired from that pistol." *Brown v. State*, 150 Ga. App. 831, 834 (4) (258 SE2d 641) (1979). "Where, as in the instant case, it is shown by the evidence, and admitted [by appellant], that the [violent injury to the victim] occurred by the discharge of a gun held by the accused and used in an attempt to [place the victim in reasonable apprehension of immediately receiving a violent injury], even if the discharge of the gun was unintentional, the offense is [aggravated assault]; and in no view of such facts does it involve . . . accident. . . . Accordingly, the court properly declined to give the requested [charge]. [Cits.]" *Ford v. State*, 202 Ga. 599, 603 (3) (44 SE2d 263) (1947).

2. The trial court excluded testimony from certain defense witnesses which was to the effect that, in out-of-court statements, appellant had described the shooting as an accident. Appellant enumerates

this evidentiary ruling as erroneous under *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985).

"[I]t is a well-established general rule that a statement of a party, whether oral or written, which is of a self-serving nature is not admissible in his favor." *Denton v. Etheridge*, 73 Ga. App. 221 (3) (36 SE2d 365) (1945). Thus, in a criminal case, "self-serving declarations made by a defendant are not admissible. [Cit.]" *Thomas v. State*, 248 Ga. 247, 252 (10) (282 SE2d 316) (1981). Appellant has cited no case, and we have found none, holding that this "well-established general rule" has been abrogated by the Supreme Court's opinion in *Cuzzort*, supra. See *Beck v. State*, 254 Ga. 51, 53 (11) (326 SE2d 465) (1985) (wherein the rule was applied by a unanimous Supreme Court shortly before *Cuzzort* was decided). It would not appear that *Cuzzort* purports to address the issue of the admissibility of self-serving declarations. The out-of-court declarations in *Cuzzort* were made by the victim and were to the effect that she had been molested by the defendant. Such out-of-court declarations were not self-serving of the victim, but were inculpatory of the defendant.

However, even assuming that *Cuzzort* were to be construed as overruling sub silentio the "well-established general rule" that self-serving, out-of-court declarations are inadmissible, there was no error in disallowing the admission of the self-serving declarations of appellant in this case. Whether or not a defendant has committed a proscribed act, such as the molestation of the victim in *Cuzzort*, is a question of fact. Whether or not a defendant's proscribed act, such as the shooting of the victim in the present case, is totally excusable as an "accident" is a mixed question of law and of fact. See Division 1. Testimony, such as that in *Cuzzort*, relates to a given set of facts and is admissible. Opinion testimony, such as that excluded in the present case, relates to the legal consequences of a given set of facts and is not admissible. "One's purpose in doing a specified act is immaterial and irrelevant, if the legal consequences of such act are definitely fixed by law. Where the only effect of testimony sought to be adduced is to elicit the opinion of the witness upon a question of law, and not one of fact, such testimony should be repelled." *Connor v. Hodges*, 7 Ga. App. 153, 154 (8) (66 SE 546) (1910). Accordingly, the trial court properly refused to allow defense witnesses to repeat what was, in effect, appellant's own erroneous legal opinion that, under his version of the events, the shooting of the victim had been an "accident."

3. Although appellant was indicted pursuant to subsection (a) (2) of OCGA § 16-5-21, the trial court's charge to the jury included an instruction on the entirety of the code section. Appellant enumerates the giving of this instruction as error.

A review of the jury charge as a whole shows that, after instructing the jury on the entirety of OCGA § 16-5-21, the trial court

restated the specific allegations of the indictment and instructed the jury that a guilty verdict would be authorized only if it found "beyond a reasonable doubt each and all of these contentions of the State to be the truth of the case." Since the charge as given nowhere authorized the return of a verdict of guilty based upon acts which were not alleged in the indictment, there was no error in fully instructing the jury on the offense of aggravated assault. *Searcy v. State*, 168 Ga. App. 233 (1) (308 SE2d 621) (1983). See also *Boscaino v. State*, 186 Ga. App. 133 (2) (366 SE2d 789) (1988).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 23, 1989.

*Michael T. McClain*, for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney*, for appellee.