A91A1187. SHAW v. THE STATE.
(411 SE2d 537)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of robbery. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

A witness for the State, who had originally been indicted for robbery, agreed to testify against appellant in return for a reduction in the charge to misdemeanor theft-by-taking and a probated sentence of 12 months. On direct and cross-examination, this witness was questioned and testified about her plea agreement. However, the trial court refused to allow appellant's counsel to ask the witness what the maximum sentence for robbery was or what she believed it was. The trial court held that these were legal questions which the witness, as a layperson, could not answer. This evidentiary ruling is enumerated as an erroneous restriction on appellant's Sixth Amendment right to confront the witness.

" 'Where the only effect of testimony sought to be adduced is to elicit the *opinion* of the witness upon a question of law, and not one of fact, such testimony should be repelled.' [Cit.]" (Emphasis supplied.) *Janney v. Dugger*, 86 Ga. App. 414, 416 (2) (71 SE2d 777) (1952). See also *McWilliams v. State*, 177 Ga. App. 447, 449 (2) (339

SE2d 721) (1985). However, the questions that were posited to the witness in the instant case did not seek to elicit from her any *opinion* upon a question of law. The witness was merely questioned about the extent of her own personal knowledge of a certain legal *fact*. The maximum sentence for robbery is, as a matter of fact rather than opinion, 20 years. OCGA § 16-8-40 (b). Although a lay witness may not give a legal opinion, there is no prohibition on the questioning of a lay witness about his personal knowledge of relevant legal facts. Although the witness in the instant case was a layperson, the questions that were asked of her certainly related to a legal fact which could have been within her personal knowledge since she had been indicted for robbery. The extent of the witness' personal knowledge of that legal fact was certainly relevant to the credibility of her testimony in the instant case. See *Owens v. State*, 251 Ga. 313 (1) (305 SE2d 102) (1983) (a witness' belief as to his potential sentence in a pending criminal charge against him is relevant evidence of his motives in testifying). See also *Hines v. State*, 249 Ga. 257, 259 (2) (290 SE2d 911) (1982). Thus, the trial court's restriction of appellant's cross-examination of the witness was clearly based upon an erroneous reason.

It does not necessarily follow, however, that appellant's conviction must be reversed. The Sixth Amendment does not afford the defendant in a criminal proceeding an absolutely unfettered right to cross-examine the State's witnesses as to their potential bias. "On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U. S. 673, 679 (106 SC 1431, 89 LE2d 674) (1986). Accordingly, a trial court's restriction of the pursuit of cross-examination as to the potential bias of a State's witness, even if erroneous, may yet be harmless. *Delaware v. Van Arsdall*, supra at 684; *Kinsman v. State*, 259 Ga. 89, 91 (7b) (376 SE2d 845).

In the instant case, appellant was not entirely prevented from pursuing the *topic* of the witness' pending prosecution. Compare *Hines v. State*, supra at 260 (2) (wherein the trial court had disallowed " 'all inquiry on [the] subject. . . .' [Cit.]"). Likewise, appellant was not prevented from establishing the specific terms of the witness' *actual* plea agreement. The jury was apprised of the fact that, although the witness had been indicted for robbery, she had agreed to testify against appellant in return for a probated 12-month sentence for misdemeanor theft-by-taking. Compare *Owens v. State*, supra at 314 (1) (wherein the trial court disallowed inquiry into the issue of the sentence that the State's witness would actually receive for his testimony). The only topic that appellant was prevented from pursu-

ing was that of the potential sentence that the witness might otherwise have faced had no plea agreement been reached. Thus, appellant was permitted to show that the witness had been offered a 12-month probated sentence, but was not permitted to show that, if she had not made a deal, the witness might have been sentenced to as much as 20 years. Showing the maximum sentence that a State's witness *could* have received might be "marginally relevant" to reflect on his amenability to secure a deal and on the beneficence of the sentence that the State had actually agreed to seek. However, it seems clear that, considering what appellant was permitted to prove, "[t]he jury's evaluation of [the witness'] credibility would not have been altered significantly if [appellant] had been allowed to show [that the witness had faced a maximum 20-year sentence]. In view of the foregoing, conjoined with the overall strength of the prosecution's case, we conclude that any error was harmless beyond a reasonable doubt. [Cit.]" *Kinsman v. State*, 259 Ga. 89, 92 (7b) (376 SE2d 845) (1989).

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the conclusion that there was error and in the further conclusion that it was harmless under the circumstances. However, I do not fully concur in the characterization which is given to the questions which defendant contends he should have been permitted to ask the State's witness on cross-examination.

With respect to her potential sentence for robbery, defendant sought to elicit the witness' understanding of what she faced if she was convicted of robbery instead of cooperating with the State and pleading guilty to misdemeanor theft by taking (OCGA §§ 16-8-2; 16-8-12) in exchange for a probated 12-month sentence. Defendant's purpose was to show that the witness was biased by self-interest, to the degree of wanting to avoid the risk of a 20-year sentence (OCGA § 16-8-40 (c)). Obviously, her understanding of what she faced, whether she was correct or incorrect as to the legal maximum punishment for robbery, was relevant.

Defense counsel's initial question was, "What was the maximum that you were — you were indicted for robbery?" That was legally objectionable because it called for a legal fact (the maximum penalty provided by OCGA § 16-8-40 (c)), although the answer, right or wrong, would have shown what she believed the maximum was. After some colloquy, counsel inquired of the court, "May I ask the witness what she thought the maximum sentence for robbery was?" That did not call for a legal fact, much less a legal opinion, but only for her understanding of what she faced. That was relevant to the degree of her bias, as it would show how high she thought the stakes were. Its

exclusion was an abuse of discretion. See *Fletcher v. State*, 197 Ga. App. 112 (1) (397 SE2d 605) (1990), for the rule.

We are not, in either event, dealing with a legal opinion. Opinion testimony is "[e]vidence of what the witness thinks, believes, or infers in regard to facts in dispute, as distinguished from his personal knowledge of the facts themselves." Black's Law Dictionary, 5th ed. A legal opinion "relates to the legal consequences of a given set of facts. . . ." *Grude v. State*, 189 Ga. App. 901, 903 (2) (377 SE2d 731) (1989). Only a witness who is qualified as a legal expert would be permitted by the rules of evidence to give a legal opinion. See *Grude* for an example of a lay legal opinion, which is inadmissible.

One of the reasons the error was harmless is that the witness admitted on cross-examination that she had previously been convicted of the felony of burglary, so the jury was aware that she knew the serious consequences of a felony conviction.

DECIDED OCTOBER 9, 1991.

*Omotayo Alli*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Nancy A. Grace, Carl P. Greenberg, Assistant District Attorneys*, for appellee.