A92A0169. TAYLOR v. THE STATE.

(419 SE2d 745)

CARLEY, Presiding Judge.

As the result of the death of the passenger in a car that he was operating, appellant was tried before a jury and found guilty of vehicular homicide. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. The evidence adduced at trial was sufficient to authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Over appellant's hearsay objection, an officer was allowed to testify that, in his presence, appellant had been read the "implied consent" rights by another officer. There was no error in failing to sustain appellant's hearsay objection. *Brackett v. State,* 142 Ga. App. 578, 579 (2) (236 SE2d 538) (1977). See also *Walker v. State,* 187 Ga. App. 631, 633 (1) (371 SE2d 199) (1988).

3. On direct examination, the State asked an officer "what is the legal limit for DUI in this state?" Appellant objected that that was "a matter for the court." However, the trial court held that the officer could respond to the question, "if he knows [the answer]." The officer then gave as his answer ".10." Appellant enumerates as error the failure to sustain his objection to allowing the officer to testify as to "what is the legal limit for DUI in this state."

The trial court erred in failing to sustain appellant's objection. "To allow testimony of this kind, would be to allow a witness to testify what the law is. Witnesses must testify to facts, and the court is responsible for the law." *Central Railway v. DeBray,* 71 Ga. 406, 421 (4) (1883). *Shaw v. State,* 201 Ga. App. 456 (411 SE2d 537) (1991) is not authority for the admission of the testimony in the instant case. Not only does *Shaw* have no precedential value, it is distinguishable. *Shaw* stands only for the narrow proposition that a witness for the State who is himself facing criminal charges is subject to cross-examination concerning his potential sentence. "[I]t does not matter whether there [is] an actual agreement to allow [the State's witness] to receive [favorable sentencing treatment]. What is relevant [is]

what [the State's witness] believe[s] as it reflect[s] on his motives in testifying. . . . [I]t [is] a relevant subject of cross-examination to determine if [the State witness] believe[s] he might get a [favorable] sentence." *Owens v. State,* 251 Ga. 313, 316-317 (1) (305 SE2d 102) (1983) (cited as controlling authority in *Shaw,* supra.) *Shaw* does not stand for the broad proposition that any lay witness who purports to have personal knowledge of the law may testify thereto. The extent of the personal knowledge of the witness in the instant case as to the "legal limit for DUI in this state" was not a relevant factual inquiry and the question posed to him cannot be construed as seeking merely to elicit "a fact which incidentally involves a legal word or phrase. . . . [Cit.]" *Gage v. Tiffin Motor Homes,* 153 Ga. App. 704, 709 (2) (266 SE2d 345) (1980). The question sought to elicit from the witness a direct response as to the provisions of statutory law. It was error for the trial court to allow the witness to respond to this question.

The issue yet remains, however, as to whether this error warrants reversal. The record demonstrates that the probative effect of the officer's inadmissible testimony on direct examination was negated when, on cross-examination, the witness acknowledged that he really did not know "the actual legal limit." Moreover, the State's evidence showed that appellant's blood-alcohol level was .24. It was, therefore, presumed that appellant was under the influence of alcohol pursuant to both former and existing OCGA § 40-6-392 (b). Appellant made no effort to rebut this presumption that he was under the influence of alcohol. Instead, his defense was premised upon the contention that the proximate cause of the death of his passenger had not been his own intoxication, but the intoxication of his passenger and her lack of use of seat belts. Indeed, in the closing argument of appellant's counsel, the sufficiency of the evidence as to appellant's driving under the influence was, in effect, conceded and only the sufficiency of the evidence as to appellant's guilt of vehicular homicide was contested. Under these circumstances, it is highly probable that the trial court's error in allowing the witness to testify as to the "legal limit for DUI in the state" did not contribute to the guilty verdict and that that error was, therefore, harmless. *Wallin v. State,* 248 Ga. 29, 32 (5) (279 SE2d 687) (1981). The admissible evidence that appellant was driving while under the influence was overwhelming and was not affected by the officer's inadmissible testimony as to the terms of the statutory prohibition on so doing.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 8, 1992.

*Robert G. Rubin,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, D. Victor Reynolds, Rebecca A. Keel, Assistant District Attorneys,* for appellee.