## A93A0648. GASTON v. THE STATE.
(433 SE2d 306)

POPE, Chief Judge.

Defendant Charles Gaston appeals his conviction for voluntary manslaughter and the trial court's denial of his motion for new trial.

1. Defendant argues the trial court erred in failing to charge on accident, his sole defense to the crime charged. The defense of accident is set forth at OCGA § 16-2-2, which provides: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was *no* criminal scheme or undertaking, intention, or criminal negligence." (Emphasis supplied.) The defendant's own testimony belies his argument that failure to charge on accident is error in this case. Defendant testified he saw the victim, who allegedly owed defendant $200, standing outside a convenience store. Defendant called the victim to his truck and asked him for the $200 but the victim told him he did not have the money to repay him. He noticed a bulge in the victim's pocket while they were talking. Defendant stated that the victim's voice began to sound angry and the victim stuck his hand in his left front pocket. As the victim removed his hand from his pocket, the defendant said he grabbed it and a gun fell out of the victim's hand. The defendant then picked up the gun and hit the victim with the gun. Defendant further testified "[w]hen he turned around like that to run, I hit him again right

there. That's when the gun got off." By the defendant's own admission, the victim was attempting to run from him at the time he decided to hit him yet again with the gun. The law is well-settled that a defendant is not "entitled to a charge on the defense of accident simply because his criminal attempt had the unintended consequence of completing the offense by actually causing a violent injury to the victim. See OCGA § 16-5-20 (a) (1)." *Grude v. State*, 189 Ga. App. 901, 902 (1) (377 SE2d 731) (1989).

We find defendant's attempts to distinguish *Grude* to be without merit. Although defendant may not have initially acted aggressively toward the victim, by his own admission the victim was attempting to run from him at the time he intentionally struck him again with a gun and the gun discharged. Thus, " '[n]otwithstanding defendant's contention that [accident] constituted his sole defense, the trial court was not required to give a charge thereon since it was not authorized by the evidence. [Cits.]' [Cit.]" *Green v. State*, 197 Ga. App. 16, 17 (1) (397 SE2d 590) (1990).

2. Defendant's contention that the State should not have been allowed to argue during closing argument that the defense of accident is inapplicable in this case is also without merit. The State could properly rebut the factual issues raised by defendant. As we discussed in Division 1, the defense of accident is not applicable to this case; therefore, the State's argument did not mislead the jury. Under these facts no harm resulted to the defendant from the State's argument. See *Freels v. State*, 195 Ga. App. 609, 611 (2) (394 SE2d 405) (1990).

3. Defendant posits the trial court erred by allowing into evidence the .38 caliber revolver found in a purse between defendant's legs at the time he was arrested. The weapon was properly admitted to show the circumstances of defendant's arrest. *Roker v. State*, 262 Ga. 220, 222 (6) (416 SE2d 281) (1992); *Bixby v. State*, 234 Ga. 812, 814 (1) (218 SE2d 609) (1975).

4. Defendant argues the trial court erred in allowing the testimony of a firearms examiner concerning the pressure pull of the trigger of an RG .22 revolver. Although the gun that defendant was holding at the time he hit the victim was not found, the firearms examiner testified that the bullet removed from the victim and given to him by the medical examiner was a .22 caliber lead bullet that was fired from either an RG or a Rohm .22 caliber revolver. The defendant's defense at trial was that the gun he was holding at the time he hit the victim accidentally discharged. Accordingly, evidence concerning what force was required to cause an RG .22 caliber revolver to discharge was a proper subject of testimony.

5. Defendant asserts that the trial court erred by refusing to allow the defendant to cross-examine one of the investigating officers about alleged misconduct by the officer during another homicide in-

vestigation. The officer had been cleared of all charges at the time he was called as a witness in this case. The trial court did not err in prohibiting the defendant from cross-examining the investigator about the allegations of misconduct. *Jackson v. State*, 261 Ga. 734, 735 (3) (410 SE2d 115) (1991).

6. The evidence presented at defendant's trial was sufficient for a rational finder of fact to find defendant guilty beyond a reasonable doubt.

7. During the State's closing argument the prosecutor used the gun found close to defendant at the time of his arrest, which was not the gun used to strike the victim, to illustrate to the jury why the State considered the defendant's defense of accident absurd. The prosecutor made it clear to the jury that the gun he was holding as he discussed the defendant's testimony was not the gun used to strike the victim.

Contrary to defendant's contentions otherwise, the prosecutor's actions during closing argument in this case are highly distinguishable from the prosector's demonstration in *Williams v. State*, 254 Ga. 508, 511 (3) (330 SE2d 353) (1985), which our Supreme Court held constituted reversible error. In that case the prosecutor actually introduced evidence into the trial during the closing argument. Id. In this case the prosecutor simply demonstrated to the jury the defendant's account of the events leading to the victim's death. We hold that the prosecutor's conduct of demonstrating the defendant's testimony for the jury falls within the "considerable latitude in imagery and illustration" afforded the State during closing argument. *Johnson v. State*, 246 Ga. 126, 129 (269 SE2d 18) (1980).

8. Defendant also contends the trial court erred in denying his motion for mistrial because the district attorney made two statements during his closing argument about matters that were not part of the evidentiary record at trial. The record reveals that during the State's examination of the firearm's expert testimony concerning both matters was presented to the jury. Although the prosecutor did misstate the evidence slightly with regard to safety mechanisms on RG .22 caliber revolvers by stating that all rather than most of the models made after 1968 have a hammer block-type safety, defense counsel promptly made an objection and restated the evidence on that subject correctly. The trial court simply ruled that the jury would have to remember the evidence. Under these facts, the prosecutor's statement would, at most, constitute harmless error.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

Decided June 3, 1993 —
Reconsideration denied July 14, 1993.

*John A. Pickens, Douglas B. Ammar,* for appellant.
*Lewis R. Slaton, District Attorney, Vivian D. Hoard, Assistant District Attorney,* for appellee.