## A94A2326. HELTON v. THE STATE.
(455 SE2d 848)

RUFFIN, Judge.

In two trials Timothy Helton was convicted by a jury of five counts of reckless conduct and one count of simple battery. He appeals from the trial court's denial of his consolidated motion for new trial.

Prior to being charged with the offenses in this case, Helton was incarcerated at the Jackson County Correctional Institute. While on a work detail, Helton escaped in a prison pickup truck. Shortly thereafter, a Jackson County sheriff's deputy spotted Helton driving south on Interstate 85, turned on his blue lights and siren, and began pursuing the truck. The sheriff testified that Helton was driving at approximately 90 mph and was passing traffic by driving in the median strip and emergency lane. Other officers joined the pursuit and before Helton stopped several miles later, he hit three patrol cars, and four civilian cars.

Although Helton does not dispute the facts above, he asserted as his sole defense in both trials that the collisions were accidents and on appeal contends that the trial court erred in failing to charge the jury on this defense. OCGA § 16-2-2 provides that "[a] person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, *or criminal negligence.*" (Emphasis supplied.) " 'Criminal negligence as used in the statutes of this State means not merely such negligence as might be the foundation of a damage suit, but reckless and wanton negligence and of such a character as to show an utter disregard for the safety of others who might reasonably be expected to be injured thereby.' [Cit.]" *Keye v. State,* 136 Ga. App. 707, 708 (1) (222 SE2d 172) (1975).

Helton's "own testimony belies his argument that failure to charge on accident is error in this case." *Gaston v. State,* 209 Ga. App. 477 (1) (433 SE2d 306) (1993). During the second trial, Helton testified that he "was speeding down the highway, and . . . dodging traffic. [He] was not trying to hit anybody intentionally, but there was a lot of traffic on the highway." He further testified that he "cared about people getting hit, but some people's going to get hit when you're speeding down the highway and they're so many people around you." Even by Helton's own admission, it was obvious that he would most likely hit other cars while driving at such a high rate of speed and in such an erratic manner while in so much traffic; yet in utter

disregard for the safety of the other drivers, he continued to evade the pursuing officers. " '(E)very person is presumed to intend the natural and probable consequences of his conduct, particularly if that conduct be unlawful and dangerous to the safety or lives of others.' " *Keye,* supra at 708. Accordingly, despite Helton's contentions that he did not intentionally collide with any of the other cars, his conduct clearly amounted to no less than criminal negligence. See *Jordan v. State,* 214 Ga. App. 598 (2) (448 SE2d 917) (1994). "Thus, notwithstanding [Helton's] contention that accident constituted his sole defense, the trial court was not required to give a charge thereon since it was not authorized by the evidence." (Citations and punctuation omitted.) *Gaston,* supra at 478.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 17, 1995.

*David L. Whitman,* for appellant.

*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney,* for appellee.