A97A0253. SCOTT v. THE STATE.
(484 SE2d 780)

RUFFIN, Judge.

A jury found David Scott guilty of wearing a hood with intent to conceal one's identity, carrying a weapon on school property, terroristic threats, aggravated assault upon a school official, aggravated

battery upon a school official, armed robbery, criminal attempt — theft by taking a motor vehicle, and possession of a knife during the commission of a felony. Scott appeals his convictions, and we affirm.

1. In his first enumeration of error, Scott contends the trial court erred in finding that the State's explanation for striking juror no. 30 was racially neutral. According to Scott, the State struck juror no. 30, a black female, yet did not strike juror no. 28, a similarly situated white female, in violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Following argument, the trial court ruled that the State presented a legitimate race-neutral reason for striking juror no. 30. We agree.

"The trial court's decision rests largely upon assessment of the prosecutor's state of mind and credibility; it therefore lies peculiarly within a trial judge's province. The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous." (Citation and punctuation omitted.) *Moak v. State*, 222 Ga. App. 36, 39 (3) (473 SE2d 576) (1996). See also *Johnson v. State*, 266 Ga. 775, 777 (4) (470 SE2d 637) (1996). Furthermore, "the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from the opponent of the strike." (Citations and punctuation omitted.) *Whatley v. State*, 266 Ga. 568, 570 (3) (468 SE2d 751) (1996).

While Scott discusses a number of potential jurors in his brief, his enumeration of error states that he is challenging only the State's strike of juror no. 30 from the venire. Hence, we need address only Scott's arguments relating to this particular venireperson.

Scott is a black male who was 19 years old at the time of the alleged offense and his trial. The State's stated reason for striking juror no. 30, who was black, was that she had a twenty-year-old child, similar in age to Scott, and three other children, ages sixteen, twelve and ten. According to the prosecutor, "I was concerned that that particular juror would be sympathetic. I noted that this juror was nice but despite that fact I felt that she would not be a good juror in this case because of the children that she had that were close in age." Scott contends this explanation is not racially neutral because juror no. 28, who was white, had a 17-year-old child, her demographic information was virtually identical to juror no. 30, and she was not struck by the State.

It is clear that a prospective juror's age or the ages of the prospective juror's children can justify the State's exercise of a peremptory strike. *Whatley*, supra at 570; *Ledford v. State*, 207 Ga. App. 705, 706 (1) (429 SE2d 124) (1993). In this case, the State's concern about the ages of the jurors and their children was related to the case to be tried, and it is clear that juror no. 30 had *two* children close in age to Scott, while juror no. 28 had only *one* child close in age to Scott. In

addition, Scott "failed to establish that the reasons given by the State were merely pretexts for purposeful racial discrimination. [Cits.]" *Henry v. State*, 265 Ga. 732, 734 (2) (462 SE2d 737) (1995). Since "the trial court's finding of purposeful discrimination is a finding of fact which ordinarily must be given great deference by an appellate court, since . . . the trial court can visually and auditorially observe the demeanor of both prospective jurors and counsel" (*Ellerbee v. State*, 215 Ga. App. 312, 316 (7) (a) (450 SE2d 443) (1994)), and since there exists some evidence to support the trial court's ruling that the State struck juror no. 30 for race-neutral reasons, we cannot conclude that the trial court's ruling in this case was clearly erroneous. See also *Gardner v. State*, 225 Ga. App. 427 (483 SE2d 912) (1997).

2. In his second enumeration of error, Scott asserts the trial court erred in failing to charge the jury on his sole defense of misfortune or accident. Scott admits that he did not request such a charge, but contends that the court should have given this charge sua sponte because his sole defense as to the aggravated battery charge was that the victim was cut or stabbed as a result of misfortune or accident.

The evidence, viewed in a light most favorable to support the verdict, shows as follows. Scott attacked Beverly Croom, a school principal, as she exited the school. Brandishing a butcher's knife, Scott told Croom he would kill her if she did not let him in the locked building. Croom tried to move away from Scott, but Scott pulled the knife back and stabbed her from her left side across to the center of her stomach. Scott admitted Croom was trying to run from him when he grabbed her and pulled her back. He further admitted that he intentionally was on school property with the knife, that he tried to steal Croom's car, and that he had the knife in his hand while he tried to get Croom's car keys. However, Scott argues that Croom was stabbed by accident as she tried to run and he pulled her back.

"Every person is presumed to intend the natural and probable consequences of his conduct, particularly if that conduct be unlawful and dangerous to the safety or lives of others." (Citation and punctuation omitted.) *Helton v. State*, 216 Ga. App. 748, 749 (455 SE2d 848) (1995). A defendant is not "entitled to a charge on the defense of accident simply because his criminal attempt had the unintended consequence of completing the offense by actually causing a violent injury to the victim. [Cit.]" *Grude v. State*, 189 Ga. App. 901, 902 (1) (377 SE2d 731) (1989). See also *Gaston v. State*, 209 Ga. App. 477 (1) (433 SE2d 306) (1993). "Although [Scott] gave conclusory testimony that the [stabbing] of the victim had been an accident, his description of the actual events shows that the [stabbing] was nevertheless the result of his criminal conduct." *Grude*, supra at 902 (1). Scott's testimony clearly does not show that his stabbing resulted from an accident, rather than his intent to commit a crime upon Croom. "His

testimony shows only that his criminal attempt to commit an aggravated assault upon the victim was 'accidentally' completed in a manner other than he had intended." Id.

Since Croom was stabbed with the knife Scott used to place her in reasonable apprehension of immediate violent injury, even if the stabbing was unintentional, the offense was aggravated assault, and a charge on accident was not warranted. *Grude*, supra. Accordingly, the trial court did not err in failing to sua sponte give a jury charge on misfortune or accident.

3. In his final enumeration, Scott asserts there was insufficient evidence to satisfy the corroboration requirement of the terroristic threats statute. OCGA § 16-11-37 (a). This contention is not supported by the record.

"As in rape cases, the quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged. [Cit.] Slight circumstances may be sufficient for corroboration and the question of corroboration is one solely for the jury. If there is any evidence of corroboration, this court will not go behind the jury verdict and pass on its probative value. [Cit.]" *Moss v. State*, 148 Ga. App. 459, 460 (1) (251 SE2d 374) (1978).

In the present case, Croom testified that Scott told her he would kill her if she did not let him into the building. While Scott denied making this threat, "[Croom's] testimony in this regard was sufficiently corroborated by the evidence concerning the events which transpired immediately before and after [Scott] made the asserted threats." *Steele v. State*, 196 Ga. App. 330, 331 (3) (396 SE2d 4) (1990). The laceration received by Croom when she was stabbed, as well as the testimony of a witness who observed Croom immediately following the incident and who stated that Croom was "at the point of hysteria," provides sufficient corroboration for a rational trier of fact to find Scott guilty beyond a reasonable doubt of the offense of committing terroristic threats upon Croom. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Martin v. State*, 219 Ga. App. 277, 283 (10) (464 SE2d 872) (1995) (testimony that the victim appeared nervous, scared, frightened, and terrified was sufficient evidence corroborating a threat against the victim).

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 26, 1997.

*Elizabeth A. Baker*, for appellant.

*Robert E. Keller, District Attorney, David B. Hornsby, Assistant District Attorney*, for appellee. ·