## A99A2147. SPRAYBERRY v. THE STATE.
### (527 SE2d 224)

BLACKBURN, Presiding Judge.

Following a jury trial, Franklin Sprayberry appeals his convictions of armed robbery, kidnapping, sexual battery, and two counts of making terroristic threats. Sprayberry contends that the trial court erred by: (1) allowing testimony of other acts committed by him which were not similar transactions; (2) allowing testimony regarding his post-arrest statements to the police; and (3) denying his motion for directed verdict on the two counts of making terroristic threats. For the reasons set forth below, we affirm Sprayberry's convictions.

Viewing the evidence in the light most favorable to the verdict, it reveals that the victim, a new cab driver, picked up Sprayberry at a convenience store in Douglas County. Sprayberry put a gun to the back of the victim's neck and told her not to take her hands off the wheel or he would kill her. Sprayberry climbed into the front seat and demanded the victim's money. Sprayberry fondled the victim's breasts and vagina while he held a gun to her side. Sprayberry told the victim that he was going to rape and kill her because he did not want to go to jail. The victim intentionally got her car stuck in the mud, and after Sprayberry was unable to free the car, he took the victim's purse. Once out of the car, the victim ran to a house down the street where Clark Dubard allowed her to use the phone to call the police.

---

[4] *Whisenant v. Fulton Fed. Sav. &c.,* 200 Ga. App. 31, 33 (1) (406 SE2d 793) (1991).

1. At trial, another female cab driver was allowed to testify that, after the victim told her what had happened, she remembered a customer who identified himself as "Frank," who fit Sprayberry's description, whom she had picked up on several occasions. She had picked him up and delivered him to the same location where the victim was robbed. Based on this information, the officers focused their investigation in the area where defendant was located. The witness led an investigator to the exact location where the victim was robbed. She also identified Sprayberry in court as a man who introduced himself as Frank when she had previously provided rides to him.

Sprayberry contends that this witness' testimony was inadmissible because it was evidence of a similar transaction and the State failed to provide notice of intent to introduce such evidence as required by Uniform Superior Court Rule 31.3. At trial, the State argued that the witness' testimony explained the investigative officer's conduct in locating Sprayberry because the witness was able to establish where he lived. The State also contended that the evidence was not subject to the similar transaction requirements because it did not put Sprayberry's character in evidence. We agree.

"Prior act evidence will be inadmissible because evidence of the accused's character is not admissible unless and until the accused puts his character in evidence." (Punctuation and emphasis omitted.) *Miller v. State*, 226 Ga. App. 509, 513 (3) (486 SE2d 911) (1997). In the present case, the testimony simply explained the officer's conduct and established that Sprayberry had previously hired taxicabs which had picked him up and delivered him to the location where the victim was attacked. Such testimony did not put his character into evidence and was not similar transaction evidence requiring notice pursuant to USCR 31.3.

2. Sprayberry contends that his post-arrest statements to police were improperly admitted.

Two officers arrested Sprayberry around 7:00 a.m. at his house. Sprayberry confessed later that morning in an interview with the police captain. Sprayberry showed the officers where he had thrown the gun into a creek behind his house. He also told the police captain that it was a stupid thing to do but that he had a drug problem.

After a *Jackson-Denno* hearing to determine the admissibility of Sprayberry's statements, the trial court determined that such statements were admissible.

> In deciding the admissibility of a statement during a *Jackson-Denno* hearing, the trial court must consider the totality of the circumstances and must determine the admissibility of the statement under the preponderance of the evidence standard. Unless the factual and credibility findings of the

trial court are clearly erroneous, the trial court's decision on admissibility will be upheld on appeal.

(Punctuation omitted.) *State v. Walker*, 204 Ga. App. 1, 2 (418 SE2d 384) (1992).

(a) Initially, Sprayberry contends that his statements were not voluntary because they were a product of duress after he had been worn down by the police with hours of questioning.

The record does not establish that Sprayberry was under duress during the interrogation. The deputies testified that initially Sprayberry appeared more sleepy than nervous. Additionally, the record establishes that no more than three hours elapsed from the time Sprayberry was arrested to the time he confessed. Furthermore, after being taken to the jail, the officers did not begin questioning Sprayberry for approximately an hour. Under these circumstances, we cannot say that the trial court's determination as to the admissibility of Sprayberry's statements was clearly erroneous. See *Walker*, supra.

(b) Sprayberry contends that his statements were inadmissible because he requested a lawyer and the police continued to question him. The officers denied that Sprayberry requested a lawyer at any time during the interrogation. The trial court determined that Sprayberry's contention that he had requested an attorney was not credible due to other fabrications proven against him, including his denial of knowledge regarding the victim's purse which was found in his bedroom. The trial court's determination was not clearly erroneous. See *Walker*, supra.

3. Sprayberry contends that the trial court erred when it denied his motion for a directed verdict on the two counts of making terroristic threats.

OCGA § 16-11-37 provides that "[a] person commits the offense of a terroristic threat when he threatens to commit any crime of violence . . . with the purpose of terrorizing another." Although that Code section further requires that "[n]o person shall be convicted under this subsection on the uncorroborated testimony of the [victim]," only slight evidence of corroboration is required.

[T]he quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient for corroboration and the question of corroboration is one solely for the jury. If there is any evidence of corroboration, this court will not go behind the jury's verdict and pass on its probative value.

(Citation and punctuation omitted.) *Scott v. State*, 225 Ga. App. 729, 732 (3) (484 SE2d 780) (1997).

In *Scott*, we determined that sufficient corroboration was presented by evidence of the victim's laceration consistent with the victim's description of events, "as well as the testimony of a witness who observed [the victim] immediately following the incident" and testified that the victim was nearly hysterical. Id. Additionally, in *Martin v. State*, 219 Ga. App. 277, 283 (10) (464 SE2d 872) (1995), we affirmed a terroristic threats conviction based upon the testimony of the victim which was corroborated by several witnesses only to the extent that after the incident the victim was "frightened," "nervous and scared," "literally terrified," "very afraid," and "scared to death."

In the present case, Dubard testified that when the victim "banged" on his door and asked to use his phone, she was "terrified," "really agitated," and "nervous almost to the point of shaking." Based upon our previous decisions in *Scott*, supra, and *Martin*, supra, we find that Dubard's testimony was sufficient evidence of corroboration to withstand Sprayberry's motion for directed verdict.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 15, 1999.

*Monica T. Myles, Mary Erickson,* for appellant.
Franklin Sprayberry, *pro se.*
*David McDade, District Attorney, Stephen L. Corso, Assistant District Attorney,* for appellee.