## 60878. CHANGE v. THE STATE.

BANKE, Judge.

The appellant waived trial by jury on an indictment for theft by taking and was found guilty and sentenced to four years imprisonment. The indictment charges that he "did unlawfully appropriate and take . . . [$2,344] in money . . . the property of Robert

Orlowski, Janice Phillips and Peter Fisher d/b/a Skate Escape, Ltd...
with the intention of depriving said owner of said property . . ."

The victims were in the business of renting and selling roller
skates. The appellant represented himself to them as a manufacturer
of roller skates and, after some discussions with them about his
product, interested them in his ability to obtain certain parts for
them at low cost from a company in California. The victims agreed to
purchase a shipment of these parts through him and entrusted him
with $2,344, to be sent to California in prepayment of the order. The
appellant received the money as follows: $144 in cash, a check dated
October 31, 1979, for $900, and another check dated November 8,
1979, for $1,300. None of the money was ever sent to the California
supplier, and none was ever returned to the victims.

Both of the checks were made out to "Great American Skate
Company," the name of the appellant's purported skate man-
ufacturing concern. On November 1, 1979, the appellant nego-
tiated the $900 check, receiving in payment a cashier's check in
the same amount, also made out to the Great American Skate
Company. On November 9, 1979, he negotiated the $1,300 check,
receiving in payment a $1,300 cashier's check which named him as
payee personally. Shortly after purchasing each cashier's check, he
attempted to negotiate it at a separate banking office. However, on
each occasion, the bank in question confiscated the check to cover
overdrafts on his checking accounts.

The appellant testified that his intention in negotiating the
cashier's check had been to obtain substitute cashier's checks naming
the California roller skate company as payee, rather than himself
or his own company. The state offered nothing to dispute this
testimony; however, the appellant called as his own witness an
employee of the bank where he negotiated the $1,300 cashier's check,
and this witness testified that the appellant had asked not for a
substitute cashier's check but for cash. She further testified that after
confiscating the cashier's check to satisfy the appellant's overdrafts,
the bank was left with a $144 surplus, which was returned to him.
Neither this money nor the $144 in cash which the appellant had
received directly from the victims was ever returned to them.

The appellant contends on appeal that the evidence was
insufficient to establish an unlawful taking as charged in the
indictment and that if any crime was proven it was theft by
conversion. *Held:*

1. "A person commits theft by taking when he unlawfully takes,
or, being in lawful possession thereof, unlawfully appropriates any
property of another with the intention of depriving him of said
property, regardless of the manner in which said property is taken or

appropriated." Code Ann. § 26-1802 (a) (Ga. L. 1968, pp. 1249, 1290, as amended through Ga. L. 1978, pp. 2257, 2258). As indicated previously, the indictment charged the appellant with an unlawful taking rather than with an unlawful appropriation of money which he had obtained lawfully. Thus, the state was required to prove an unlawful taking. See *Walker v. State,* 146 Ga. App. 237 (246 SE2d 206) (1978).

It is unlawful to obtain another's property "by any deceitful means or artful practice with the intention of depriving the owner of said property." Code Ann. § 26-1803. "A person deceives if he intentionally: (a) Creates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false; or . . . (e) Promises performance of services which he does not intend to perform or knows will not be performed." *Id.* We find the evidence in this case sufficient to support a finding that the appellant obtained the victims' money by deceitful means and thus that the taking itself was unlawful. The appellant began his dealings with the victims by representing himself to be the proprietor of a manufacturing concern called the Great American Skate Company. It was by virtue of this status that he was to be able to obtain the parts from California at a favorable price. However, at trial the appellant revealed that his company's manufacturing operations took place in his own apartment where he assembled skates with his own hands. Under these circumstances, the trial judge, as trier of fact, was authorized to find that he had misrepresented the extent of his manufacturing operations. In addition, the court was authorized to conclude from the evidence that the appellant never intended to send the victims' money to California as he had promised. This lack of intention may be inferred from the testimony of the bank employee, who stated, in direct contradiction to the appellant's own testimony, that the appellant had sought to obtain cash for the $1,300 cashier's check.

2. The court admitted as evidence, without objection, a mailgram sent by the California company to the victims informing them that the actual price at which the parts in question were available to the appellant was three times the price which the appellant had quoted them. The appellant complains for the first time on appeal that this evidence was inadmissible hearsay. However, in the absence of any objection at trial, we can find no error by the trial court. Furthermore, when the trial judge sits as trier of fact, it is presumed that he considers only legal evidence. *Cherry v. State,* 135 Ga. App. 819 (2) (219 SE2d 41) (1975).

3. The appellant complains that he was originally sentenced not under the indictment upon which he was tried but under another

indictment. Based on this assertion, which is not supported by the record before us, he advances the following argument: "This action by the trial judge, circumstantially indicated that, at the time of the trial, the court had in front of it, and in its possession, indictment of another offense charged to said defendant, and upon hearing the evidence, convicted said defendant of the offense charged in the other indictment . . . and that a new trial should have been granted for the same, because, in essence, it amounted to a variance."

As previously indicated, the evidence was sufficient to support a conviction on the charge stated in the indictment. The evidence might also have supported a conviction for theft by conversion (had the court concluded that the taking itself was not lawful) or for theft by deception. However, there was no variance between the evidence and the indictment on which he was tried and convicted.

4. The appellant enumerates that the court erred in excluding from evidence his testimony that he had formed the "impression" that the victims did not want to settle the matter out of court. However, he has made no showing of how his impressions concerning the victims' desires in this regard were relevant to any issue in the case. This enumeration of error is without merit. See *Patrick v. State,* 245 Ga. 417 (5) (265 SE2d 553) (1980).

5. The appellant enumerates as error the admission of evidence of past criminal charges against him. Again, however, no objection was made at trial; therefore, the issue cannot now be considered on appeal. *Reid v. State,* 129 Ga. App. 660, 663 (200 SE2d 456) (1973).

6. The appellant's final contention is that the trial court erred in failing to make findings of fact and conclusions of law. No such requirement exists in criminal cases.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED OCTOBER 9, 1980 — DECIDED NOVEMBER 4, 1980.

*Ted Price,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.