38330. THE STATE v. OVERBY.

JORDAN, Chief Justice.

We held in *Shy v. State,* 234 Ga. 816, 818 (1) (218 SE2d 599) (1975), and again in *Aldridge v. State,* 247 Ga. 142, 144 (2) (274 SE2d 525) (1981), that upon their arrival at the scene of a suspected crime, and without first administering Miranda warnings, police officers may make an initial inquiry *solely* for the purpose of ascertaining whether or not there currently is any danger to them or to other

persons who are present at the scene. The questioning must *not* be "aimed at obtaining information to establish a suspect's guilt." 247 Ga. at 144. In both *Shy* and *Aldridge,* we held that the principles of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), are not violated by an initial, on-the-scene, police inquiry aimed at determining the nature of the situation the officers are confronting. 234 Ga. at 823; 247 Ga. at 145.

The crime scenes in *Shy* and *Aldridge* were located at places which conveniently may be referred to as "on the streets," whereas the scene of the homicide in the present case was "behind bars" in the detoxification cell or drunk tank of the Whitfield County Jail. These facts pose the question of whether or not Miranda precludes the same sort of limited threshold inquiry "behind bars" which *Shy* and *Aldridge* permit "on the streets."

The Court of Appeals analyzed the case in light of Rhode Island v. Innis, 446 U. S. 291 (100 SC 1682, 64 LE2d 297) (1980), in which the Supreme Court of the United States amplified the term "interrogation" as used in the Miranda context. The Court of Appeals failed, however, to consider either *Shy* or *Aldridge.* For this reason, we granted certiorari. *Overby v. State,* 160 Ga. App. 537 (287 SE2d 568) (1981).

1. We agree with the Attorney General insofar as he contends that the same principles governing initial on-the-scene inquiries which we have applied in *Shy* and *Aldridge* when the crime scene is "on the streets" should apply also when the scene of the crime is "behind bars" in a penal institution, jail or other custodial institution. We hold that the mere fact that the accused already is in institutional custody pending disposition of his case or serving his sentence at the time of the initial, on-the-scene questioning does not of itself require the officers to refrain from all inquiry until those persons present at the scene have received proper Miranda warnings. *Solely* for the purpose of determining whether a criminal incident has occurred, or whether the crime has been completed or still is underway, or for the purpose of determining whether the supposed perpetrator still is present and should be placed under police scrutiny or custody, the officers may ask all or some of the assembled citizenry "on the streets," or the accused or convicted inmates "behind bars," such questions as, "What happened?", or "What is going on?", without adversely implicating the Miranda principles recently reaffirmed in Rhode Island v. Innis, supra. See, Cervantes v. Walker, 589 F2d 424 (9th Cir. 1979).

2. Although we agree with the Attorney General's contention that *Shy* and *Aldridge* should apply "behind bars" as well as "on the streets," we disagree with the position that *Shy* and *Aldridge* should

excuse the police conduct in the present case. The facts are these: The deceased, Reeves, the defendant, Overby, and the witness to the homicide, Cain, were being held in the detoxification cell or drunk tank of the Whitfield County Jail along with two other persons who apparently never awoke from their drunken stupor at any time relevant to the case. Fetzer, the officer to whose testimony the Miranda objection was addressed, was not the first custodial officer to reach the scene of the crime. Rather, when he arrived at the drunk tank two other custodial officers already were inside, and at least one other officer was standing at the door. The crime scene thus was secure before Fetzer arrived.

Fetzer never entered the tank. Instead, he called through the bars to Cain, one of the tank's denizens, asking what had happened. In response, Cain nodded his head toward the defendant, Overby. Fetzer then summoned Cain into the hallway outside the tank and asked him what had happened. Cain replied to the effect that Overby had delivered the fatal blows to Reeves. Cain had asked to be removed from the tank. He was placed by Fetzer into a separate holding cell.

Fetzer then called the defendant, Overby, outside the tank, and asked him what had happened. Overby's reply to Fetzer's question was the substance of the testimony of Fetzer to which the Miranda objection was expressed; testimony to the effect that Overby had struck Reeves after Reeves had made an attempt to pull Overby's pants down.

We believe that Fetzer's question to Overby was not *solely* aimed at ascertaining whether there was any continuing danger either to the inmates of the tank, the other custodial officers, or to Fetzer himself. Fetzer remained throughout the occurrence outside the tank in the adjacent hallway. Cain, one of the two inmates of the tank who was sufficiently sober to walk and talk, already had been dispatched to a separate holding cell. The only other inmate who was alive and awake, Overby, was in no position to threaten Fetzer, the other officers, or the two still-sleeping inmates. Fetzer's question to Overby impermissibly was "aimed at obtaining information to establish a suspect's guilt," 247 Ga. at 144, whether the question is viewed from the perspective of the probable intentions of Fetzer or the reasonable perceptions of Overby. Rhode Island v. Innis, supra.

For the reasons given in this opinion, we affirm the judgment of the Court of Appeals. Overby's statement to Fetzer should have been excluded from evidence in response to his timely Miranda objection.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1982.

*Stephen A. Williams, Michael J. Bowers, Attorney General, George M. Weaver, Staff Assistant Attorney General,* for appellant.
*Millard G. Gouge, Robert A. Whitlow,* for appellee.