## 65757. GLASS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for cruelty to a child. *Held:*

1. The general grounds are asserted. Our examination of the evidence shows that it is sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant's wife, who was the mother of the two-year-old male victim, came home after leaving the boy in defendant's care for several hours, and found marks and bruises on him. She called the police. When an investigating police officer arrived at the house he observed marks all over the boy's body and that the mother was somewhat hysterical. The mother told the officer that defendant had told her that he had spanked the boy for urinating in his pants. The officer then asked defendant what had happened to the boy and defendant said that "the child had fell out of the bathtub while taking a bath and had burned hisself with a cigarette lighter."

Defendant's contention that this statement to the police officer was inadmissible in the absence of the warning requirements of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), has no merit.

Before the Miranda warnings are required it is necessary that the defendant be in custody. We find that no Miranda warnings were

necessary as defendant was not in custody.

One who is the subject of a general on-the-scene investigation is not in custody. *Shy v. State,* 234 Ga. 816, 820 (218 SE2d 599).

The officer in the instant case was confronted with an apparently injured child, a somewhat hysterical mother and her husband, the defendant. At that point there was nothing to indicate that the child's injuries were necessarily the result of defendant's spanking the child. The officer did not interrogate defendant in an accusatory manner for the purpose of determining defendant's culpability but to determine the nature of the situation confronting him; that is, how had the child come to be injured. Defendant was not put in custody after he made the statement, as it was clearly exculpatory. Only after the officer had consulted with his superior officer was defendant taken into custody. "Any inquiries prior to [the statement] were clearly non-accusatory and a part of the 'on-the-scene' investigation of a possible criminal act. [Cits.]" *Bailey v. State,* 153 Ga. App. 178 (1), 180-81 (264 SE2d 710).

Defendant's assertion that *State v. Overby,* 249 Ga. 341 (290 SE2d 464), is controlling is without merit as we find that case clearly distinguishable on its facts in that the defendant therein was in police custody and in the jail where the crime occurred when the questioning took place.

Moreover, defendant's exculpatory statement bolstered his exculpatory testimony, so that even assuming that it was improperly admitted, we do not see how it could have harmed him in any way.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 6, 1983.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry Baxter, Margaret V. Lines, Assistant District Attorneys,* for appellee.