## 72409. THE STATE v. MALLORY.
(350 SE2d 823)

BEASLEY, Judge.

The state appeals the grant of defendant's amended motion to suppress[1] the results of the state-administered breath test in his trial on the charge of driving under the influence of alcohol. OCGA § 40-6-391.

After two evidentiary hearings at which the arresting officer, the intoximeter operator, and defendant testified, the court granted the motion to exclude the test results from evidence. This was based on the findings of fact that defendant had made a request to the intoximeter operator for an independent blood test and that he had not

---

[1] This should have been a motion in limine. *State v. Johnson*, 249 Ga. 413, 414 (3) (291 SE2d 543) (1982).

been permitted to submit to one or make arrangements for one.

The evidence on these points was in dispute. The state's witnesses testified in effect that defendant did not ask for an additional test after having been twice advised of the implied consent rights. The officer testified that if defendant had asked for another test, he would have taken him to DeKalb General Hospital.

The defendant testified that he was not read the implied consent rights but that he asked for a blood test when he saw the result of the breath test and did not believe its accuracy. He said the intoximeter operator told him a blood test would not count and that the only one which would count in court was the breath test. He also said the arresting officer was standing there and grumbled something about not wanting to drive him to Grady Hospital for a blood test. Not knowing the procedure or that he had a *right* to an additional test, defendant understood these circumstances as a refusal of another test.

The law requires that a person be advised of his statutory rights to a chemical test or tests, and that the results of the state-administered test will not be excluded if there is a "justifiable failure" to obtain an additional test. OCGA § 40-6-392 (a) (3) and (4). Coupled with the right granted the accused is "a corresponding duty on the part of law enforcement officers not to deny him that right." *Puett v. State*, 147 Ga. App. 300 (248 SE2d 560) (1978).

Here the court believed defendant and concluded that defendant was not given a reasonable opportunity to obtain an additional test. Of course, the resolution of credibility issues was for the court as the factfinder. *State v. Dull*, 176 Ga. App. 152, 153 (335 SE2d 605) (1985) and the two cases cited therein. What the state enumerates on appeal as error is the court's "taking judicial notice" of the fact that defendant would have only been permitted to make a collect call from the jail, concluding therefrom that defendant was not, and would not have been, given a reasonable opportunity to make arrangements for the independent blood test he wanted.

In loosely describing his action as "taking judicial notice," the court as factfinder was merely taking into account the knowledge from his own experience that calls by arrested persons from the jail had to be collect. This was nothing more than what a juror as a factfinder could do, for in arriving at a verdict from evidence regularly produced in the course of trial proceedings a jury may be aided by their own knowledge, learning and experience. *Dept. of Transp. v. Driggers*, 150 Ga. App. 270, 271 (257 SE2d 294) (1979). Consequently, it was not an impermissible factor to take into account in resolving the question of whether an independent test was allowed.

Moreover, it is inconsequential that this knowledge of the jail practice regarding phone calls was considered. Having found that defendant requested a blood test, and it being undisputed that none was

obtained, the result was inevitable. The state taking the position that no request was made in the first place, there was of course no evidence of a "justifiable failure" to obtain an additional test (OCGA § 40-6-392 (a) (3)) to counter defendant's testimony that it was refused.

Compare *Thompson v. State*, 175 Ga. App. 645, 647 (2) (d) (334 SE2d 312) (1985), where we held that "[t]he facts show that defendant was afforded the opportunity to obtain an independent test of his blood, and that is all that is required. *Grizzle v. State*, 153 Ga. App. 364 (265 SE2d 324) (1980)."

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1986.

*Ralph T. Bowden, Jr., Solicitor, William C. Akins, Assistant Solicitor*, for appellant.
*David M. Fuller*, for appellee.