A89A1331. HARPER v. THE STATE.

(388 SE2d 379)

BIRDSONG, Judge.

Cary Harper appeals from his convictions of aggravated battery, use of a firearm in the commission of a felony, and discharge of a firearm near a public roadway. Appellant's convictions resulted from an incident on June 10, 1988, in which he shot Danny Goforth, the former husband of his then girl friend and now wife, Brenda Goforth Harper. Appellant asserted at trial that the shooting was in self-defense, but he was convicted as charged. He now appeals, contending that the trial court erred by admitting in evidence a statement appellant gave to a police officer at the scene of the crime before he was advised of his *Miranda* rights. He also contends that the trial court erred by excluding evidence of prior threats and violent acts allegedly made by the victim against Brenda Goforth. *Held*:

1. Appellant contends that although he was not under arrest or in custody when the police officer questioned him, he should be considered in custody so that a *Miranda* warning was required before he was questioned. We disagree.

The evidence presented at the *Jackson-Denno* hearing shows that the police officer had been on the scene for approximately 10-15 minutes when he approached appellant, who was standing near Brenda Goforth, and asked what happened. Appellant responded with a version of the events which he later recanted.

The evidence reveals the police officer questioned appellant where he found him and did not summon appellant to him or otherwise make demands on appellant's freedom of movement. Further, the police officer testified that appellant was not a suspect at the time

he first spoke to him because the officer knew only that there had been a shooting, and that appellant had been seen in the area with a gun, but he was not aware that appellant had done the shooting. In fact, the officer testified that at the time he did not know who had shot the victim. The officer also testified that appellant was free to walk away. The evidence also shows that the officer did not question appellant after appellant told him that he had shot the victim.

Appellant argues that no reasonable person would conclude that he was really free to go, and that since the police officer testified that he had secured the scene before he questioned appellant, the questioning was not the kind of on-the-scene questioning found acceptable by our Supreme Court in *State v. Overby*, 249 Ga. 341 (290 SE2d 464); *Aldridge v. State*, 247 Ga. 142 (274 SE2d 525); and *Shy v. State*, 234 Ga. 816 (218 SE2d 599). Although the officer in this case testified that he "secured" the area, it is apparent from his entire testimony that in so testifying he meant nothing more than he had taken steps to see that the area was controlled. Secure does not always mean safe. See *State v. Overby*, supra at 343. His testimony was plainly that he did not know who had done the shooting, or what the circumstances of the shooting were. Under the circumstances, the officer's question to appellant was authorized under *Overby*. "Solely for the purpose of determining whether a criminal incident has occurred, or whether the crime has been completed or still is underway, or for the purpose of determining whether the supposed perpetrator still is present and should be placed under police scrutiny or custody, the officers may ask all or some of the assembled citizenry . . . such questions as 'What happened?' or 'What is going on?' without adversely implicating the Miranda principles. . . ." (Emphasis deleted.) *Overby*, supra at 342. There is no evidence that the officer's question was designed to do any more than that. This was a general on-the-scene investigation to which *Miranda* does not apply. *Shy v. State*, supra at 820. Moreover, even if, as appellant suggests, he was not free to go pending the investigation, this still does not mean that he was in custody so as to trigger the *Miranda* warning requirements. *Daugherty v. State*, 182 Ga. App. 730, 731 (356 SE2d 902). "One who is the subject of a general on-the-scene investigation is not in custody. [Cit.]" *Glass v. State*, 166 Ga. App. 225, 226 (303 SE2d 764).

Under these circumstances, the trial court's conclusion that appellant was not in custody when he was initially questioned is fully supported by the record. Further, "[u]nless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal." *Berry v. State*, 254 Ga. 101, 104 (326 SE2d 748). Accord *Clark v. State*, 189 Ga. App. 68 (374 SE2d 783). Accordingly, appellant's first enumeration of error is without merit.

2. Appellant also contends that the trial court erred by excluding testimony from his wife about specific instances of threats or violent acts committed by the victim in this case. He argues that under *Milton v. State,* 245 Ga. 20, 24 (262 SE2d 789), he should have been permitted to introduce evidence of these acts as they bore on the " ' "reasonableness of [his] apprehension of danger at the time [he shot Goforth]." ' " (Emphasis deleted.)

Appellant was not prevented from testifying about the threats that Goforth made, or about other instances in which he or Brenda Harper had confrontations with Goforth. What the trial court excluded was testimony from Brenda Harper about some specific acts involving only herself, and not the appellant. In this regard, it is important to note that appellant claimed that he shot Goforth in his defense, not in defense of anyone else, and the record shows that Brenda had departed or was departing the scene when appellant shot Goforth. Consequently, evidence of specific threats to third parties or of Goforth's other actions toward third parties, was not relevant to his claim of self-defense.

We note that in certain instances the events which were allegedly excluded were the subject of criminal charges which were tried and in which not guilty verdicts were returned for Goforth, and in others charges were dismissed because of lack of cooperation by the victims. Further, the transcript reflects, as the trial court noted, that most if not all of the testimony proffered as being excluded by the trial court was actually testified to by Brenda Harper.

We find no error in the trial court's ruling. Appellant testified fully about Goforth's prior actions which he claimed bore on his belief that he needed to act in self-defense, and Brenda Harper actually testified about most of these matters as well, despite appellant's claim that her testimony was excluded. Thus, we do not find that appellant was denied the opportunity to present to the jury the victim's actions which related to appellant's alleged need to act in self-defense. *Milton v. State,* supra. Additionally, decisions on admission of evidence are within the discretion of the trial court, and we will not interfere unless the trial court has abused its discretion. *Palmer v. State,* 186 Ga. App. 892, 898-899 (369 SE2d 38). We find no abuse of the trial court's discretion here. Further, even assuming that excluding those few matters was an abuse of discretion, considering the scope of the testimony by appellant and Brenda Harper about Goforth's actions, we find that the error was harmless "as it is ' "highly probable that (any such) error did not contribute to the judgment." ' *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869)." *House v. State,* 184 Ga. App. 724, 725 (362 SE2d 429). Compare *Gaither v. State,* 259 Ga. 200 (2) (378 SE2d 464) and *Young v. State,* 191 Ga. App. 651, 653 (382 SE2d 642), where error in excluding evidence that is cumulative with other admitted

testimony was found to be harmless. Appellant's second enumeration of error is also without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

Decided November 1, 1989 —
Rehearing denied November 16, 1989 —

*Nelson & Bradley, G. Carey Nelson, Stephen R. Bradley,* for appellant.

*Darrell E. Wilson, District Attorney,* for appellee.