A92A0620. THE STATE v. WALKER.
(418 SE2d 384)

McMurray, Presiding Judge.

Defendant Walker is charged by indictment with the offense of aggravated assault with intent to rape. Following a *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) hearing, the superior court entered an order excluding from evidence at trial one of two statements made by defendant to police. The State filed this direct appeal from this exclusion of evidence pursuant to OCGA § 5-7-1 (4). See *State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864). *Held*:

At the *Jackson v. Denno*, supra, hearing, the State presented evidence that on the day that the alleged victim had made her complaint, a police officer had telephoned defendant and asked him to come speak to her at the police station, which he did. The officer testified that defendant was not under arrest at that time, was not arrested until two months later, and had been free to leave at any time. The officer stated that she did not threaten or coerce the defendant in any way, promise him anything, or give defendant any reason to believe that he was not free to go at any time, although there is no indication that the officer explicitly stated to him that he was free to leave at any time. Defendant did not appear to be under the influence of intoxicants or to be laboring under any mental or physical handicap. The officer stated that she knew of no reason that defendant's statement was anything other than freely and voluntarily made. After a 25-minute interview, defendant left the police station. No *Miranda* (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) warn-

ings were given to defendant at any point during this interview.

Other than cross-examining the police officer who was the State's sole witness, defendant presented neither evidence nor argument at the hearing. The superior court ruled that the defendant's statement was voluntary but inadmissible due to the absence of *Miranda* warnings.

*Miranda* warnings "are required only when a *law enforcement officer* initiates questioning of an individual who has been taken into custody or otherwise significantly deprived of his freedom." *Glean v. State*, 197 Ga. App. 34, 35 (4) (397 SE2d 459). See *Riviera v. State*, 190 Ga. App. 823, 824-825 (1) (380 SE2d 353). "The issue of custody involves an objective standard: Would a reasonable person in the defendant's situation have believed that he was physically deprived of his freedom of action in any significant way? If not, he is not subject to the compulsive atmosphere of an actual arrest, and *Miranda* does not apply. [Cit.]" *Childs v. State*, 257 Ga. 243, 245 (3), 247 (357 SE2d 48). "In deciding the admissibility of a statement during a Jackson-Denno hearing, the trial court 'must consider the totality of the circumstances' and must determine the admissibility of the statement under the 'preponderance of the evidence' standard. Unless the factual and credibility findings of the trial court are 'clearly erroneous,' the trial court's decision on admissibility will be upheld on appeal. [Cit.]" *Fowler v. State*, 246 Ga. 256, 257 (3), 258 (271 SE2d 168). See also *Kincey v. State*, 191 Ga. App. 300, 301 (2), 302 (381 SE2d 439).

In the case sub judice, the State contends that the superior court improperly took judicial notice of disputed facts relating to routine police procedures and to other cases before that court. However, the superior court's order does not reflect any decision to take judicial notice of any specific fact, but instead shows that the superior court was merely taking into account its own knowledge, learning and experience, which was not improper in its role as trier of fact. *State v. Mallory*, 180 Ga. App. 815, 816 (350 SE2d 823).

Nonetheless, the record is devoid of any evidence supporting the superior court's finding that defendant "could reasonably conclude that his presence at the police station when he made his first statement was not subject to termination by unilateral action on his part." Apparently, the superior court's view of the circumstances was influenced by a number of factors, including the fact that the interview with defendant occurred at a police station, that the police requested defendant's appearance at the police station for the interview, and that defendant was suspected of having committed the alleged crime under investigation. However, none of these factors required that defendant be given *Miranda* warnings. See *Leach v. State*, 259 Ga. 33, 35 (4) (376 SE2d 667) and *California v. Beheler*, 463 U. S. 1121 (103 SC 3517, 77 LE2d 1275). The procedure utilized by the police in the

case sub judice did not invade defendant's rights, therefore, the superior court erred in excluding evidence concerning the first police interview of defendant.

*Judgment reversed. Sognier, C. J., Birdsong, P. J., Carley, P. J., Andrews and Johnson, JJ., concur. Beasley, J., concurs in the judgment only. Pope and Cooper, JJ., dissent.*

Cooper, Judge, dissenting.

The majority concludes that the record is devoid of any evidence supporting the trial court's finding that the defendant could not have reasonably concluded that he was free to terminate the interrogation. Because I find that the record amply supports the trial court's decision to suppress the confession, I must dissent from the majority opinion.

As noted by the majority, " '(u)nless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal.' [Cit.]" *Harper v. State*, 193 Ga. App. 551 (388 SE2d 379) (1989). The majority correctly points out that standing alone, neither the fact that the interrogation occurred at the police station nor the fact that the police initiated the contact with defendant is a basis for requiring that defendant be given the *Miranda* (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694 (1966)) warnings. However, the flaw in the majority's reasoning is the failure to recognize that the trial court considered the totality of the circumstances in arriving at its conclusion. While factors such as the place of the interrogation and the party who initiated the interrogation were considered by the trial court, the record contains other facts which, in addition to those mentioned above, constitute the totality of the circumstances. First, defendant was never advised that he was free to leave, that he could terminate the interrogation at any time or that he was not under arrest. Secondly, at the time the police initiated the questioning, defendant had been positively identified by the victim as the perpetrator of a specific crime. Consequently, defendant was more than a mere "suspect" in the case. The police may have chosen to wait two months before arresting defendant, but considering the victim's positive identification, the police could have chosen to arrest defendant immediately. Also, it is hard to imagine in light of the victim's identification, that the subsequent interrogation was anything less than an attempt to obtain information establishing defendant's guilt. It is therefore reasonable to conclude that defendant, when faced with questioning initiated by the police, at the police station, after he had been positively identified by the victim of the crime, did not feel that he was free to terminate the interrogation. I believe that the trial court recognized a flagrant attempt by the police to circumvent the

4

protection afforded under *Miranda*. Because I cannot conclude that the trial court's findings were "clearly erroneous," I must respectfully dissent.

I am authorized to state that Judge Pope joins in this dissent.

DECIDED APRIL 10, 1992.

*W. Glenn Thomas, Jr., District Attorney, Kevin R. Gough, Assistant District Attorney*, for appellant.
*Lane, Tucker & Crowe, Grayson P. Lane*, for appellee.