A92A0176. WIGGLEY v. THE STATE.
(420 SE2d 82)

ANDREWS, Judge.

Wiggley appeals his conviction for driving with .12 grams or more alcohol concentration.

Viewed in favor of the verdict, the evidence was that, on March 20, 1990, at approximately 11:00 p.m., Wiggley was seen driving without his headlights on by an officer approaching him on Lawrenceville Highway. The officer turned around and pulled him over. Wiggley had been at the American Legion since 9:00 p.m. and acknowledged having a couple of beers. When Wiggley attempted to exit his pickup truck, he lost his balance and fell back onto the seat. When the officer approached the truck, he detected the odor of alcohol. Wiggley's speech was slurred. The officer conducted four field tests. While Wiggley was able to say the alphabet, he could not stay on a straight line while walking heel to toe. Also, he could not touch the tip of his nose with one hand, nor could he complete the leg raise test.

Wiggley registered .19 on the intoximeter. He requested a blood test and was taken to Humana Hospital where two tubes of blood were taken by an unidentified person and given to Wiggley. The tubes were sealed with gray rubber stoppers and paraffin and placed in a plastic bag which was sealed. The tubes were checked in with his personal effects at the jail and returned to him upon his release four hours later. The samples remained in his truck overnight and were then placed in a refrigerator in his office where they remained until they were taken by his son to the crime lab for testing at least two weeks later.

Two blood samples were received at the crime lab and tested on April 2, 1990. The samples bore no identification on the tubes, although placing the donor's name on the tubes is standard practice. The only identifying information received by the crime lab as to the source of the blood was that supplied by Wiggley's son.

1. Wiggley contends denial of his motion for new trial on the general grounds was error.

The blood tested at the crime lab and delivered by Wiggley's son registered .04. The forensic chemist identified the physical characteristics testified to by the officer as more consistent with the .19 reading than a .04.

Having reviewed the evidence, we find it sufficient to convince the triers of fact beyond a reasonable doubt that Wiggley committed the offense of driving with .12 grams or more of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wiggley also enumerates the failure of the court to admit into evidence the printed analysis and opinion of the forensic chemist. The chemist testified to his test results and the court sustained the State's objection that an adequate foundation had not been laid for the admission of the written report.

The document referred to, however, was not tendered in order to perfect the record for appeal. "Since this is a court for correction of errors of law, our decision must be made upon the record and not upon briefs of counsel. Where there is nothing in the record to support the contention of error, there is nothing presented to this court for review." (Citations and punctuation omitted.) *Williams v. Lemon*, 194 Ga. App. 249, 252 (3) (390 SE2d 89) (1990).

We note that the document was cumulative of the oral testimony admitted and it was, therefore, cumulative.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JUNE 16, 1992.

*Macklyn A. Smith*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Jessica R. Towne, Assistant Solicitor*, for appellee.