A93A0634. THE STATE v. COBB.
(432 SE2d 112)

JOHNSON, Judge.

The State brings this appeal from the trial court's order granting Cobb's motion to suppress evidence. The State asserts that the trial court erred in granting the motion to suppress by finding: 1) that no probable cause existed for the initial stop because the stationary radar was not visible from a distance of 500 feet; 2) that no probable cause existed for the initial stop because the officer testified that he observed Cobb traveling at a speed he believed to be in excess of the speed limit; and 3) that the intoximeter results were the result of an illegal stop. We conclude that these asserted errors are not supported by the record.

Cobb was charged with speeding, no proof of insurance and driving under the influence. Cobb filed a motion to suppress evidence, specifically the results of an intoximeter test. In lieu of a transcript we have been provided with a summary of the proceedings in accor-

dance with OCGA § 5-6-41 (g). At a hearing on the motion, the State relied exclusively on the testimony of the Clayton County police officer who had made the arrest. All of the testimony referred not to the intoximeter test, but to the radar results. The officer testified that at approximately 2:49 a.m., he was operating stationary radar from his patrol car which was parked at the lower end of an incline to the right side of the shoulder, southbound on I-75. There were no street lights in the area and the patrol car had no lights on. The trial judge indicated that he was familiar with the particular stretch of I-75 under discussion and concluded, presumably based on his own experience, that the officer would not have been visible to Cobb in violation of OCGA § 40-14-7, which requires that the vehicle from which a stationary speed detection device operated by a county officer be visible for a distance of at least 500 feet. See *State v. Mallory*, 180 Ga. App. 815, 816 (350 SE2d 823) (1986), in which the judge, as factfinder, permissibly drew from his own experience in evaluating evidence. Having ruled the radar results inadmissible, the summary indicates that the court found as a matter of fact that the stop of the defendant was a result of the officer's operation of the radar.

The order entered in the case states only that after hearing evidence, the defendant's motion to suppress is granted. There is no requirement that a court enter findings of fact and conclusions of law after a hearing on a motion to suppress. See *Shirley v. State*, 166 Ga. App. 456, 458 (3) (304 SE2d 468) (1983); *Change v. State*, 156 Ga. App. 316, 319 (6) (274 SE2d 711) (1980). We are not aware of any formal mechanism by which a party in a criminal case may request a court to enter findings of fact and conclusions of law analogous to OCGA § 9-11-52, which applies to civil cases. The absence of a formal mechanism for making such a request, however, should not have discouraged the State in this case from making such a request. We cannot determine from a review of the order what evidence the court relied on in granting Cobb's motion to suppress, or conclude that the trial court made any findings with regard to probable cause.

"Since this is a court for correction of errors of law, our decision must be made upon the record and not upon briefs of counsel. Where there is nothing in the record to support the contention of error, there is nothing presented to this court for review." (Citations omitted.) *Wiggley v. State*, 204 Ga. App. 583, 584 (2) (420 SE2d 82) (1992). Because of the inadequacy of the record in this case, the State is asking us on review to accept its theory that the court, in suppressing the radar results, found that the police officer lacked probable cause for making the stop and then concluded that the intoximeter results,

having been obtained as a result of an illegal stop must be excluded.[1] In this case, where there is no transcript, an inadequate summary and a form order, we cannot say that the State has met its burden of affirmatively showing error on the record. Having failed to demonstrate support in the record, we do not find error. *Hollis v. State*, 201 Ga. App. 224, 225 (1) (411 SE2d 48) (1991).

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED MAY 26, 1993.

*Keith C. Martin, Solicitor, Elizabeth A. Baker, Assistant Solicitor*, for appellant.

*Steven E. Lister*, for appellee.

---

[1] The summary contains only a conclusion that the court found that the stop was a result of the officer's operation of the radar, but goes no farther. We note that even if the radar results were inadmissible as substantive evidence, the results of the test in conjunction with the officer's testimony that it appeared that Cobb was traveling at a rate of speed exceeding the speed limit may have constituted probable cause for a stop.