## A02A0311. THE STATE v. WARREN.
### (568 SE2d 120)

POPE, Presiding Judge.

Harold Glenn Warren was charged with driving under the influence and failure to maintain lane. The trial court granted his motion to suppress, and the State appeals.

Rockdale County Sheriff Jeff Wigington testified at the suppression hearing about the events leading up to the traffic stop. Sheriff Wigington testified that on the date in question he and his family were traveling west on Highway 138. He was driving a Ford Expedition, which was provided to him by the county and which was equipped with blue lights, sirens and radios. Sheriff Wigington testified that he was traveling in the right lane of a multi-lane highway and that the lane to his left which ran in the same direction was clearly marked as ending so that the traffic traveling in that lane was required to merge into the right lane. Sheriff Wigington testified he noticed a car traveling in that lane which appeared to be attempting to overtake him, but that the car ran out of room when the lane ended and that he had to brake and pull over to the right to allow the car sufficient room to move over into the right lane. Sheriff Wigington testified that at that point he turned on his blue lights and stopped the car, which was driven by Warren, for moving over improperly into his lane. Sheriff Wigington testified that after he stopped Warren he detected the odor of alcohol on Warren's breath, and although Warren initially denied he had been drinking, he subsequently admitted he had consumed a "couple" of drinks. Sheriff Wigington then radioed for a unit to be sent out to assess Warren for DUI, and Warren was subsequently charged with both DUI and failure to maintain lane.

Warren filed a motion to suppress, arguing that the stop was improper because Sheriff Wigington did not have an articulable suspicion of specific criminal wrongdoing to authorize the stop. The trial court agreed and made the following findings pertinent to this appeal: "[I]t is clear that the Defendant was in the process of passing the Sheriff at a time when the lane was about to end, and that there was sufficient space to enter the right continuous lane without hitting the Sheriff's vehicle. Due to his observant driving, the Sheriff braked slightly to give Defendant additional room. The mere fact that the Sheriff had to brake does not create a violation of the above statutes, but rather acknowledges his obligation to allow a vehicle passing in the left lane to overtake his vehicle. Even if the continuous right lane had the right of way, the Defendant had sufficient room to enter the right lane without striking the Sheriff's vehicle. The Defendant's lane change did not create a risk to the Sheriff or his passengers. Since the defendant committed no traffic offense, the

Court must consider whether the acts committed constitute suspicion of criminal activity. No evidence was presented that the Sheriff suspected a drunken driver or that the Defendant's actions constituted reckless driving or otherwise. Therefore, the Court has no reason to conclude that he was stopped for any reason other than a traffic offense."

> Generally, when an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. (Citation and punctuation omitted.) *Castillo v. State*, 232 Ga. App. 354, 355-356 (502 SE2d 261) (1998). [However,] [w]here, as in this case, the evidence at the suppression hearing was uncontroverted, and there was no question regarding the credibility of witnesses, we review the trial court's ruling on the motion to suppress to ensure that there was a substantial basis for it. The trial court's application of the law to the undisputed facts is subject to de novo review. (Citations, punctuation and footnotes omitted.) *State v. Bute*, 250 Ga. App. 479 (552 SE2d 465) (2001).

(Punctuation omitted.) *State v. Simmons*, 255 Ga. App. 336-337 (565 SE2d 549) (2002).

The State argues that the trial court erred by failing to consider whether Warren's driving violated OCGA § 40-6-48 (1). That section provides, "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." In this case Warren was required to move from his lane of travel, which was clearly marked as ending, into the continuous lane where Sheriff Wigington was traveling. It was thus Warren's obligation to ensure that the lane change could be made with safety. See also OCGA § 40-6-42 (1) (concerning overtaking and passing of vehicles).

The only witness to testify about the lane change was Sheriff Wigington, who testified on direct examination that Warren "ran out of room, basically came over in my lane anyway. I [Wigington] braked and pulled over to the right . . ." and on cross-examination that he had to "hit the brakes and pull over to avoid a collision." Although the trial court does not appear to have specifically rejected this testimony as not credible, it interpreted this testimony to find that there was sufficient room for Warren to enter the lane and that Sheriff Wigington only had to "brake slightly." Because Sheriff Wigington was the only witness to testify about the events leading up to the stop,

> there was no conflict in the evidence for the trial court to resolve. Thus, as a matter of credibility, even if the trial court chose to disbelieve the police officer's testimony, the court was presented with no evidence by which to establish [a different] version of events. . . . Disbelief of a witness' testimony as to certain facts does not, by itself, factually establish the opposite conclusion so as to serve as proof thereof. A fact is not proved unless it is established.

(Citations, punctuation and emphasis omitted.) *State v. Gillette*, 236 Ga. App. 571, 574 (512 SE2d 399) (1999). There was no evidence presented at the motion hearing to authorize the finding that Sheriff Wigington only braked slightly and that there was sufficient room for Warren to safely move over into the right lane without causing a collision even if the sheriff had not braked or moved over. This factual finding was clearly erroneous, and the resulting conclusion that Warren had committed no traffic offense authorizing the stop was likewise in error. It follows that the trial court erred by granting the motion to suppress. Id.; *State v. Maddox*, 252 Ga. App. 414 (556 SE2d 501) (2001). Compare *State v. Aguirre*, 229 Ga. App. 736 (494 SE2d 576) (1997) (trial court authorized to reject officer's opinions and subjective interpretations and to find not credible officer's testimony on why the defendant was stopped).

*Judgment reversed. Ruffin and Barnes, JJ., concur in judgment only.*

DECIDED JUNE 27, 2002.

*Richard R. Read, Solicitor-General, Robert D. James, Jr., Assistant Solicitor-General*, for appellant.

*Walker & Waldrop, Michael S. Waldrop*, for appellee.