A03A0237. THE STATE v. MORGAN.
(581 SE2d 296)

JOHNSON, Presiding Judge.

Herman Morgan was accused of possessing cocaine. He moved to suppress evidence of the suspected cocaine, and the trial court granted the motion. The state appeals from the ruling. We find no error and thus affirm the trial court's order granting the motion to suppress.

At the suppression hearing, a City of Covington police officer testified that on June 29, 2001, he saw a car stop in front of a house where, approximately six months earlier, police had found drugs being distributed. The officer saw Morgan get out of the passenger side of the car, enter the house, and return to the car after a minute inside the house.

The officer then followed the car for five minutes as it was driven through Covington. The driver stopped at a yield sign on Floyd Street and then turned right onto eastbound Highway 278, a four-lane divided road. The driver proceeded immediately into the left lane of

the two eastbound lanes, traveled less than 100 feet before getting into the left-turn lane, and turned left onto Hazelbrand Road.

The officer then stopped the car on the basis that the driver had made an illegal wide turn onto Highway 278. During the stop, the officer asked Morgan to get out of the car and if he would consent to a search of his person for weapons or drugs. Morgan consented, and the officer found a piece of suspected crack cocaine in Morgan's right front pants pocket.

The trial court found that the officer's testimony concerning his basis for the traffic stop was not convincing, and that the stop was unlawful. The judge ruled that given the way the highway's intersections are built, and the very short distance between those intersections, that a driver making a right turn from Floyd onto the highway must then get immediately over to the left lane in order to turn onto Hazelbrand Road, just as the driver here did. The judge therefore concluded that the turn described by the officer was not illegal, did not provide the officer with a reasonable articulable suspicion that a traffic violation had occurred, and thus did not justify the stop of the vehicle. Accordingly, the judge ruled that evidence discovered pursuant to the improper stop must be suppressed.

1. The state contends that the trial court erred in failing to find that the driver's turn violated OCGA § 40-6-120 (a) (1), which requires that a right turn be made as close as practicable to the right-hand curb or edge of the roadway. The contention is without merit.

A trial judge hearing a motion to suppress sits as the trier of facts, and like a juror reaching a verdict from evidence introduced at trial, he may draw on his own experience in evaluating the evidence that is introduced at the suppression hearing.[1] The trial judge's decisions with regard to questions of fact and witness credibility must be accepted by a reviewing court unless clearly erroneous.[2] The reviewing court must construe the evidence most favorably to uphold the trial judge's findings and judgment.[3]

Here, the evidence shows that a driver who turns right from Floyd Street onto Highway 278 has less than 100 feet to get over to the far left turning lane in order to turn left onto Hazelbrand Road. In evaluating that evidence, the trial judge was authorized to find that, because of the layout of the highway, the turn described by the officer was not unlawful, but was in fact the only way the driver could

---

[1] *State v. Cobb*, 208 Ga. App. 752, 753 (432 SE2d 112) (1993); *State v. Mallory*, 180 Ga. App. 815, 816 (350 SE2d 823) (1986).

[2] *State v. Warren*, 256 Ga. App. 185, 186 (568 SE2d 120) (2002) (physical precedent only).

[3] Id.

proceed to reach Hazelbrand Road. The question to be decided is whether the officer's motives and actions at the time and under all the circumstances were reasonable and not arbitrary or harassing.[4] Construed most favorably to uphold the trial court's judgment, we conclude that the trial court did not err in finding that the officer's traffic stop was unreasonable and not based on the observation of a traffic offense.[5]

2. The state argues that the officer was authorized to stop the car because only five minutes before the stop he had seen Morgan engage in a suspected purchase of drugs at a known drug house. The state's argument overstates what the officer actually observed.

First, as to the house itself, there is no testimony that on the night in question the house was under surveillance for drugs or that police suspected that drugs were currently being sold from there. The officer's testimony established only that six months earlier police had found drugs being distributed from the house.[6] Second, as to Morgan's actions, the officer did not in fact observe him engage in a suspected drug transaction. The officer did not see Morgan hand money to someone in exchange for anything; rather, all he saw was Morgan go into and come out of the house.[7] And there is no evidence that Morgan was aware of the officer's presence and tried to flee from him.[8]

Without something more, the mere entry and exit of a house where drugs had been found six months earlier do not rise to the level of reasonable, articulable suspicion of a drug purchase.[9] Because the officer did not have a reasonable and articulable suspicion to stop Morgan, the trial court did not err in granting Morgan's motion to suppress.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

---

[4] *Worsham v. State*, 251 Ga. App. 774, 775 (554 SE2d 805) (2001).

[5] Compare *State v. Calhoun*, 255 Ga. App. 753, 755 (566 SE2d 447) (2002) (stop not based on mere hunch, but on observation of erratic driving behavior).

[6] Compare *Edwards v. State*, 253 Ga. App. 837, 838-839 (a) (560 SE2d 735) (2002) (information that drug sales currently occurring in a motel room justified stop of defendant who abruptly left door of that room upon seeing police).

[7] See *Hughes v. State*, 269 Ga. 258, 260 (1) (497 SE2d 790) (1998) (no suspicion justifying stop where officer saw man get into defendant's car in a known drug area but saw no hand-to-hand contact or exchange of items between the men).

[8] Compare *Harris v. State*, 205 Ga. App. 813, 814 (1) (423 SE2d 723) (1992) (defendant ran upon seeing police car).

[9] See *Peters v. State*, 242 Ga. App. 816, 817 (1) (531 SE2d 386) (2000) (officers lacked requisite suspicion to stop defendant based on his hurried exit from an apartment complex breezeway known for drug sales).

DECIDED MARCH 13, 2003.

*W. Kendall Wynne, Jr., District Attorney*, for appellant.
*John T. Strauss, John L. Land*, for appellee.