## A11A1906. THE STATE v. MINCHER.
### (723 SE2d 300)

DILLARD, Judge.

Rachel Mincher was charged by accusation with DUI per se (under 21), DUI less safe, and making an improper right turn. Mincher filed a motion to suppress, challenging the lawfulness of the traffic stop, which the trial court granted. The State now appeals, arguing that the trial court erred in finding that the arresting officer had no reasonable articulable suspicion to justify the traffic stop. For the reasons set forth infra, we affirm.

Construing the evidence to uphold the trial court's findings and judgment,[1] the record shows that around 4:30 a.m. on December 19, 2010, Mincher and a friend were traveling in Mincher's vehicle in the right lane of Highway 278 near Rockmart, when they approached the intersection with Highway 113.[2] As Mincher's vehicle arrived at the intersection, the traffic light facing her was red, and Mincher stopped her vehicle several feet before the actual stop line.

While waiting for the traffic light to turn green, Mincher realized that her vehicle was nearly out of gas; and noticing a gas station several hundred yards off to the right on Highway 113, she decided to turn right at the intersection despite not being in the

---

[1] *Hammont v. State*, 309 Ga. App. 395, 396 (710 SE2d 598) (2011).

[2] Although Highway 278 is predominantly a two-lane road, as it approaches Highway 113, there is a dedicated right turn lane for motorists wishing to turn right at that intersection.

dedicated turn lane. But before doing so, Mincher turned on her right turn signal, looked back over her right shoulder to make sure that no other vehicle was approaching in the right turn lane, and then turned right onto Highway 113. At that same moment, a Rockmart police officer, who had been traveling in the same direction on Highway 278 and who had also stopped at the same intersection, saw Mincher's vehicle and decided to initiate a traffic stop for what he believed was an illegal right turn. Consequently, the officer turned right onto Highway 113 to follow Mincher and turned on his blue lights just as she was pulling into the gas station.

Mincher stopped her vehicle in front of the gas station's pumps, and the officer parked his vehicle directly behind her. The officer then approached Mincher's vehicle and explained to her why he had initiated the traffic stop. While doing so, the officer smelled the odor of an alcoholic beverage. And while Mincher denied consuming any alcoholic beverage when asked, the officer nevertheless administered an alco-sensor test, which indicated that Mincher—who was under the age of 21—had indeed consumed alcohol. The officer then had Mincher perform several field sobriety tests and, as a result, he ultimately arrested her for DUI.

Thereafter, Mincher was charged by accusation with driving with more than 0.02 percent blood alcohol content while under the age of 21,[3] driving under the influence of alcohol to the extent that she was a less-safe driver,[4] and making an improper right turn.[5] Mincher subsequently filed a motion to suppress the evidence garnered as a result of the police officer's traffic stop, arguing that the officer had no reasonable articulable suspicion to justify the stop.

During the hearing on Mincher's motion to suppress, the arresting officer testified that he initiated the traffic stop after observing Mincher make what he believed to be an illegal right turn. In addition, the State played a video recording of the stop, which was captured by the recording device on the dashboard of the police officer's vehicle. Mincher also testified at the hearing and claimed that the only reason she did not enter the designated right turn lane sooner was because she was unfamiliar with the area, but that once she decided to turn right, she signaled and looked to make sure no other vehicles were approaching from behind before proceeding. At the hearing's conclusion, the trial court granted Mincher's motion to suppress and issued an order to that effect two weeks later. This appeal follows.

---

[3] *See* OCGA § 40-6-391 (k) (1).

[4] *See* OCGA § 40-6-391 (a) (1).

[5] *See* OCGA § 40-6-120 (1).

At the outset, we note that "[o]n a motion to suppress, the burden of proving the search was lawful is on the [S]tate."[6] And in reviewing a trial court's decision on a motion to suppress, "we construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility of the witnesses are adopted unless they are clearly erroneous."[7] Additionally, because the trial court is the trier of fact, "its findings are analogous to a jury verdict and will not be disturbed if any evidence supports them."[8]

In its sole enumeration of error, the State contends that the trial court erred in granting Mincher's motion to suppress because her right turn was illegal, and thus, it provided the officer with sufficient, reasonable articulable suspicion to warrant the traffic stop. We disagree.

As the Supreme Court of the United States held in *Terry v. Ohio*,[9] "police-citizen encounters are generally categorized into three tiers: consensual encounters; brief investigatory stops, which require reasonable suspicion; and arrests that must be supported by probable cause."[10] With regard to traffic stops, "although an officer may conduct a brief investigative stop of a vehicle, such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct."[11] Such a suspicion need not meet the standard of probable cause, "but must be more than mere caprice or a hunch or an inclination."[12] Indeed, an investigatory stop must be "justified by some *objective* manifestation that the person stopped is, or is about to be, engaged in criminal activity."[13]

Here, the State argues that the officer had a reasonable articulable suspicion justifying the traffic stop because Mincher made an illegal right turn in violation of OCGA § 40-6-120 (1), which provides that: "[b]oth the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway. . . ." However, after hearing the officer and Mincher's testimony and reviewing the exhibits, including the video of the traffic stop, the trial court found that Mincher used her turn signal, checked for traffic behind her to ensure that no one's safety was at

---

[6] *Walker v. State*, 299 Ga. App. 788, 788 (683 SE2d 867) (2009).

[7] *Hammont*, 309 Ga. App. at 396 (punctuation omitted).

[8] *Id.* (punctuation omitted).

[9] 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

[10] *Groves v. State*, 306 Ga. App. 779, 780 (703 SE2d 371) (2010) (punctuation omitted).

[11] *Darden v. State*, 293 Ga. App. 127, 130 (1) (a) (666 SE2d 559) (2008) (punctuation omitted).

[12] *Id.* (punctuation omitted).

[13] *Id.* (punctuation omitted; emphasis supplied).

risk, and ultimately made her turn from the dedicated right turn lane. And based on these findings, the trial court concluded that Mincher's right turn was not illegal, and thus, there was no *objective* basis for a reasonable suspicion that she was, or was about to be, engaged in criminal activity.[14] Construed most favorably to uphold the trial court's judgment, we conclude that the trial court did not err in finding that the officer's traffic stop was unreasonable and not based on the observation of a traffic offense.[15] Accordingly, we affirm the trial court's grant of Mincher's motion to suppress.

*Judgment affirmed. Mikell, P. J., and Boggs, J., concur.*

DECIDED FEBRUARY 2, 2012.

*Robert E. Brooks, Jr., District Attorney*, for appellant.
*Allen M. Trapp, Jr.*, for appellee.

---

[14] *See State v. Morgan*, 260 Ga. App. 263, 264-65 (1) (581 SE2d 296) (2003) (holding that trial court was authorized to find that defendant's right turn was not illegal and thus officer had no reasonable articulable suspicion to justify traffic stop).

[15] *See id.* at 265 (1).